MARY J. GOUWENS

*v.*

ROLLIN A. GOUWENS *et al.*

*Opinion filed June 14, 1906—Rehearing denied October 10, 1906.*

1. PARTIES—*when wife of mortgagor is bound by the decree.* A mortgagor's wife, who is a party to the foreclosure suit and who subsequently acquires the interest which her husband had in the land, is bound by the decree.

2. RES JUDICATA—*only parties concluded by a decree are adversary parties.* The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them.

3. SAME—*when surplus is essential to an adjudication between co-defendants in foreclosure.* Parties defendant to a foreclosure suit who claim liens may set up their claims by answer and make proof of the facts upon which they claim their liens, but unless there is a surplus after satisfying the mortgage debt there is nothing to litigate, and consequently no adjudication as between co-defendants who claim nothing except a right to share in the surplus.

4. SAME—*when decree is not res judicata as to validity of judgment liens.* A decree in foreclosure finding the judgment liens of certain persons made defendants with the mortgagor, to be valid, and directing that in case there was any surplus after sale it should be held subject to the order of the court, is not *res judicata,* as between the mortgagor and the judgment creditors, as to the validity of such liens, where there was no issue between them and no surplus distributed under the order of the court.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN C. TRAINOR, for appellant:

A finding of fact made in a decree, unless such fact was directly in issue and a finding thereon necessary to support such decree, is not *res judicata* in another action between different parties and concerning a different subject matter.

Where a fact found in a former decision is not essential to the validity of the judgment or is not a controlling fact in the decision, it is not *res judicata* in a subsequent suit between different parties. *Riverside Co.* v. *Townsend,* 120 Ill.

9; *White* v. *Sherman,* 168 id. 589; *Smith* v. *Rountree,* 185 id. 219; *Cramer* v. *Wilson,* 202 id. 83; *Stone* v. *Salisbury,* 209 id. 56; *Cromwell* v. *Sac County,* 94 U. S. 195; *Packet Co.* v. *Sickles,* 72 id. 550; *Campbell* v. *Consalus,* 25 N. Y. 613; *People* v. *Johnson,* 38 id. 63; *Woodgate* v. *Fleet,* 44 id. 1; *Harvey* v. *Osburn,* 55 Ind. 535.

A judgment is conclusive, by way of estoppel, only as to facts without the existence and proof or admission of which it could not have been rendered. 2 Black on Judgments, sec. 615; *Leonard* v. *Whitney,* 109 Mass. 265.

A judgment is conclusive evidence of whatever it was necessary for the jury to have found in order to warrant the verdict in the former action, and no further. 2 Black on Judgments, sec. 615; *Hunter* v. *Davis,* 19 Ga. 413; *Church* v. *Chapin,* 35 Vt. 223; *Town* v. *Lamphere,* 34 id. 365.

A fact cannot be in issue directly when the judgment can be correct whether that fact exists or not. *Kidd* v. *Laird,* 76 Am. Dec. 472; *Stannard* v. *Hubbell,* 123 N. Y. 520; *Cavanaugh* v. *Buehler,* 120 Pa. St. 441; *Lorance* v. *Platt,* 67 Miss. 183; *Doonan* v. *Glynn,* 28 W. Va. 715; *Crum* v. *Boss,* 48 Iowa, 433.

Although a judgment may in express terms purport to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue and the controversy did not turn upon it, the adjudication will not conclude the parties in reference thereto. 24 Am. & Eng. Ency. of Law, 768; *Woodgate* v. *Fleet,* 44 N. Y. 1; 67 Pa. St. 153.

When a fact is alleged to have been conclusively determined in a former action and set up as a bar to a subsequent proceeding directly involving such fact, it must appear that the former judgment necessarily involved the determination of such fact. *Foster* v. *Busteed,* 100 Mass. 409.

I. T. Greenacre, for appellees:

Where a court has jurisdiction of the subject matter and of the parties, the judgment or decree pronounced by it is

conclusive and binding upon the parties and their privies. *Norris* v. *Ile,* 152 Ill. 190; *O'Connell* v. *Railroad Co.* 184 id. 308; *Campbell* v. *Wilson,* 195 id. 284.

Every person is privy to a judgment or decree who succeeds, after the bringing of the suit, to any estate or interest held by one who was a party to the judgment or decree therein. *O'Connell* v. *Railroad Co.* 184 Ill. 308.

The decree will equally bind one acquiring title after such suit in the subject matter of the suit. *Chency* v. *Patton,* 144 Ill. 373.

Any of the parties to an action between whom issues have been formed and determined may, in a subsequent action, where the same issues are tendered, plead a former adjudication as between them, although parties to the different actions may not all be the same persons. *Hanna* v. *Read,* 102 Ill. 596.

Where some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. *Hanna* v. *Read,* 102 Ill. 596; *O'Connell* v. *Railroad Co.* 184 id. 308; *Mulford* v. *Beveridge,* 78 id. 455; *Reynolds* v. *Mandel,* 175 id. 615; *Wright* v. *Griffey,* 147 id. 496.

In foreclosures, other encumbrancers, lienors, judgment creditors, and the like, can assert their rights by answer alone and without filing a cross-bill, and prove the same on the hearing, and the decree should ascertain and settle the rights of all the parties and their priorities, decree the payment of the mortgage debt, and on default a sale of the premises and the application of the proceeds in satisfaction of each lien according to priority, and the payment of any surplus to the mortgagor. *Blatchford* v. *Blanchard,* 160 Ill. 115; *Dillman* v. *Bank,* 138 id. 282; *Bank* v. *Thompson,*

173 id. 593; *Wallen* v. *Moore,* 187 id. 190; *Romberg* v. *McCormick,* 194 id. 205; *Ellis* v. *Southwell,* 29 id. 549; *Soles* v. *Shepard,* 99 id. 616; *Boone* v. *Clark,* 129 id. 466; *Thompson* v. *Hemenway,* 218 id. 46; *Sues* v. *Leinour,* 16 Ill. App. 603.

In a proper case, and especially in foreclosures, burnt records and the like, where a cross-bill is not necessary to raise issues between the defendant, the decree will be conclusive on the defendants in a subsequent suit between them to which the complainant in the first suit is not a party. *Sues* v. *Leinour,* 16 Ill. App. 603; *Bradish* v. *Grant,* 199 Ill. 606.

Mr. Justice Cartwright delivered the opinion of the court:

In the year 1898 two judgments were recovered against John J. Gouwens, who was then the owner of certain lots in the city of Chicago, upon which the judgments became liens. One judgment was in favor of Rollin A. Gouwens and the other in favor of Anton Steinbach. In 1901 appellant, who is the wife of John J. Gouwens, acquired title to the lots, and executions were afterward issued on the judgments and levied on the lots and they were sold by the sheriff. Appellant then filed her bill in this case against part of the appellees, the judgment creditors, the sheriff and the purchaser at the sheriff's sale, asking the court to cancel the levies, sale and certificate of sale as a cloud upon her title. The ground upon which she asked relief was that the judgments were not liens at the time of her purchase of the lots, for the reason that the executions which were issued within one year from their rendition were not issued for the purpose of collecting the judgments, but the sheriff was directed to hold them until the return day and not levy them. The bill alleged that the executions not having been issued for the purpose of executing them and collecting the judgments, the liens created by the judgments expired at the end of the year. During the pendency of this suit a sheriff's deed was executed in pursu-

ance of the sale, and a supplemental bill was then filed making the rest of the appellees, the grantees therein, defendants, and asking the court to enjoin them from conveying the real estate or interfering with appellant's possession of it, and praying for general relief. Some of the defendants answered the bill, but two of the defendants brought in by the supplemental bill filed pleas setting up facts designed to show that the validity of the judgment liens had been adjudicated in two foreclosure suits. Three other defendants filed a joint and several plea, asking the benefit of the matter set up in the other pleas without setting out the facts. The pleas were set down for argument and the circuit court held them good, and thereupon dismissed the bill for want of equity at complainant's cost.

The pleas having been set down for argument the truth · of their allegations was admitted, (*Snow* v. *Counselman,* 136 Ill. 191,) and the question to be decided was whether such facts constituted an adjudication of the validity of the judgment liens, so that the question whether they were valid liens on the real estate involved in this suit could not again be litigated between the parties. That is the only question considered here. The complainant was one of the defendants in each of the foreclosure suits, but her husband was then the owner of the property. She afterward succeeded to the estate or title held by him and was privy to the decrees entered in those suits. (*O'Connell* v. *Chicago Terminal Transfer Co.* 184 Ill. 308.) If the validity of the liens as to this property was conclusively settled and adjudicated between her husband and the judgment creditors, she also would be bound by the adjudication. ·

The facts alleged in the first plea were, in substance, as follows: Prior to the rendition of either of the judgments, John J. Gouwens and his wife, the complainant, executed a trust deed conveying a part of the lots to secure a principal note for $500, and interest notes. Rokus P. VanDrunen, one of the defendants in this case, having become the owner of

the notes secured, filed his bill in 1899 to foreclose the trust deed, and complainant and her husband, and the judgment creditors, Rollin A. Gouwens and Anton Steinbach, were defendants. The allegation of the bill as to Rollin A. Gouwens and Anton Steinbach was, that they had or claimed to have some interest in the real estate, or some part thereof, as purchaser, mortgagee, judgment creditor or otherwise, which interest, if any there was, had been acquired since and was subject to the lien of the trust deed. Complainant and her husband filed an answer admitting the execution of the notes and trust deed but denying every other allegation of the bill. The judgment creditors filed separate answers, setting up the recovery of their judgments and asking that any surplus arising from the sale of the premises should be applied toward the payment of the same. The cause was referred to a master in chancery, who took the evidence and filed his report finding in favor of the complainant and that the judgment creditors had concurrent liens on the real estate subject to the lien of the trust deed, and that they were entitled to be paid *pro rata* the amount found due them out of the proceeds of any sale next after paying complainant and the costs. The court entered a decree February 5, 1900, finding the amount due upon the trust deed and the amounts due on the judgments, and finding that they were concurrent liens on the premises subject to the lien of the trust deed. The court thereupon decreed that the premises should be sold by the master in chancery; that after the payment of costs he should pay the complainant the amount found due her, with interest; that if there should be any deficiency he should report the amount, and if there should be any surplus he should hold it subject to the order of the court.

The second plea was a plea *puis darrein continuance,* filed April 28, 1904, setting forth a decree entered April 25, 1904, in a foreclosure suit brought by William G. Krutz, Jr., to foreclose a trust deed executed by said John J. Gouwens and wife upon other lands not involved in this suit in any

way. John J. Gouwens and complainant and the judgment creditors were defendants in that suit, and in the decree the court found the amount due the complainant, Krutz, on his trust deed, and found that the judgment creditors recovered their judgments and that executions were issued thereon. The decree directed the master in chancery, in default of payment of the amount due on the trust deed, to sell the premises, and if there should be a deficiency he should report the same, and if there should be a surplus he was ordered to bring it into court to abide the further order of the court. The finding in that case was merely that the judgment creditors had judgments which were liens on the property subject to the trust deed, none of which is included in this suit.

The single fact alleged in the bill in this case as ground for relief was, that the executions were delivered to the sheriff with directions not to levy them but to merely hold them until the return day, and the claim was that such action had the same effect as though the executions were not issued. The defense set up by the pleas was, that the fact that the judgments were valid and subsisting liens on the real estate at the time of complainant's purchase had been conclusively determined and adjudicated in the two foreclosure suits. The facts alleged were, that the complainant and her husband and the judgment creditors were co-defendants in those suits, and that the court, in each of those suits, found that the liens were valid.

The complainants in those suits sought foreclosure of their mortgages, and the judgment creditors were proper parties defendant for the purpose of foreclosing their right of redemption. The bill of VanDrunen alleged that they had or claimed some right, title or interest in the premises which was subject to the lien of the trust deed. By their answers they did not dispute that averment, and there was no issue formed between them and the complainant. As between the complainant and defendants it was not necessary to determine the question whether the judgments were valid

and subsisting liens upon the property or not, and any finding as to the existence or the priority of liens or titles as between the defendants was wholly unnecessary to the relief asked for or granted. The decree in the Krutz case was precisely of the same kind as in the other, and in each it was ordered that the master in chancery should sell the property and report to the court if there was a deficiency or surplus, and in case of a surplus should hold it subject to the order of the court. If there should be a deficiency there might then be a decree for such deficiency against the party personally liable for the debt secured, in favor of the complainant in the suit. If the property should sell for the amount of the debt and costs there would be no further subject for litigation, but if there should be a surplus for distribution the court would then be called upon to determine to whom it should be paid.

It has very frequently been held that it is not necessary for a defendant having a lien to file a cross-bill, but his rights may be determined under his answer. If the answers of the various parties claim liens, the court has power, without the filing of a cross-bill, to determine the existence and priority of the various liens and to distribute any surplus in discharge of such liens, according to their priority. (*Gardner* v. *Cohn,* 191 Ill. 553.) It is undoubtedly proper for persons claiming liens who are made defendants to a foreclosure suit to set up their claims by their answers and to make proof of the facts upon which they claim the liens, but unless there is a surplus after satisfying the mortgage debt there is nothing to litigate as between co-defendants who claim nothing except a right to participate in such surplus. The only parties concluded by a decree are adversary parties, and the matter determined must be in issue between them. Parties on the same side of a foreclosure suit are not concluded, as against each other, if no issue between them was presented and adjudicated. Where nothing has been litigated as between co-defendants in a chancery suit the decree is not evidence in

favor of either party against the other. (*Conwell* v. *Thompson*, 50 Ill. 329.) If there had been a surplus there would have been adverse interests between the judgment creditors claiming liens and the mortgagor, and the decision of that question by the court would have been an adjudication of such adverse interests. Manifestly, when the judgment creditors answered in the foreclosure suit that they had liens, neither the complainant nor her husband could have filed a cross-bill or entered into litigation with their co-defendants as to the existence of their liens. The complainants would have no interest in that controversy, and the court would not listen to it when it could not be known that there would be any surplus to which the alleged liens would be transferred after the sale. In the VanDrunen foreclosure the property sold for exactly the amount of the trust deed and costs, and in the Krutz foreclosure there had been no sale to ascertain whether there would be any surplus to be the subject of litigation between the complainant and judgment creditors. So far as the VanDrunen foreclosure is concerned, it is not disputed that when the bill and answers were filed the judgments were liens; but whether they were or not, we do not understand that there could be a final adjudication on the merits as between the defendants in either case until there should be a surplus disposed of by the order of the court.

It follows that the pleas do not set forth facts constituting a final adjudication that the judgments were valid and subsisting liens upon the lands in question, and that the court erred in holding them to be good and dismissing the bill.

The complainant asked leave to amend her bill so as to show that she had redeemed from the sale under the VanDrunen foreclosure, but the court refused her motion. Upon the re-instatement of the case in the circuit court she will be permitted to amend her bill as she may desire.

The decree is reversed and the cause remanded.

*Reversed and remanded.*