THE CITY OF BURBANK, Plaintiff-Appellant, *v.* MATTHEW GLAZER *et al.*, Defendants-Appellees.

First District (4th Division)   No. 79-226

Opinion filed September 13, 1979.

Walter M. Ketchum, Ltd., and John C. Griffin, both of Chicago, for appellant.

Beverly, Pause, Duffy & O'Malley, of Chicago (Thomas J. Brophy, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Both the appellant (city) and the appellee (Glazer) in the instant case were originally sued in one action by another party for negligence. The

city did not in that action counterclaim against Glazer. At the close of that plaintiff's case, the trial court directed a judgment for Glazer. The city was later found liable to that plaintiff. The city now sues Glazer and another party for indemnity, claiming that their negligence, based on issues not raised by the original plaintiff, was the cause of the city's liability. The trial court in the present action granted Glazer's motion to dismiss on the grounds of *res judicata*. We reverse and remand, finding that the evidence in the record does not reveal that the issues raised in the city's complaint in the present case were actually and actively litigated by the two parties in the earlier suit.

The plaintiff, the city of Burbank, alleged in its complaint that it had been held liable to Antoinette Hausner for injuries she suffered when she tripped on a cracked sidewalk. It further alleged that it was only a passive and secondary wrongdoer and that the defendants Glazer and Better Living Builders, through their agents and employees, were the primary and active wrongdoers. The city specifically charged that Glazer had employed Better Living Builders to build and lay a black top parking lot on Glazer's property and that Better Living Builders, individually and as Glazer's agent, negligently failed to protect the adjoining sidewalk, negligently drove and operated heavy construction equipment over the sidewalk and otherwise negligently operated and maintained the construction causing the cracks in the sidewalk which caused Hausner's injury.

The defendant Glazer thereupon moved for dismissal on the grounds the action was barred by *res judicata*. The only evidence introduced by Glazer in support of his motion was the order in the first case directing the verdict for Glazer and against Hausner. The city in arguing against the motion introduced into evidence Hausner's complaint, Glazer's answer, the city's answer and seven pages of the transcript of the report of proceedings. From these the following facts can be garnered: Hausner's claim against both Glazer and the city of Burbank was based on the theory that they owned the sidewalk on which she fell and that therefore they:

a. Carelessly and negligently caused and allowed the said sidewalk to be in an uneven and broken condition, so that the said sidewalk was in a dangerous and defective condition;

b. Carelessly and negligently caused and allowed a hole or depression to be and remain on said sidewalk;

c. Carelessly and negligently allowed an unsafe and dangerous condition to exist on the said sidewalk in that they were wet, slippery and covered by ice and snow;

d. Carelessly and negligently failed to give the plaintiff warning of the dangerous and defective condition of its sidewalk;

e. Carelessly and negligently allowed said sidewalk to be and remain in an unsafe and dangerous condition, although they knew, or should have known of the said defective and dangerous condition;

f. Otherwise so carelessly and negligently owned, operated, constructed and maintained their respective sidewalk that the plaintiff was caused to trip, stumble and fall thereon.

At trial her claims against Glazer were apparently reduced to the contention that Glazer caused an unnatural accumulation of ice and snow. This was rejected and a verdict was directed against Hausner and for Glazer at the end of her case. The city of Burbank had not counterclaimed against Glazer so the trial court in that case could not attempt to rule on any issue between Glazer and the city except that it appears from the limited excerpts from the record introduced by the city that the issue whether the sidewalk was a public one was litigated by the parties and ruled upon.

The trial court in this case after considering this evidence and the arguments of the parties granted Glazer's motion. It further found that there was no reason to delay the appeal.

I.

■ To avoid multiplicity of litigation, instability and inconsistency in judgment and to further the rule that there be an end to litigation, the courts have created the doctrine of *res judicata* based on the principle that once a person has litigated, or in some instance could have litigated, an issue in a former action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent. (46 Am. Jur. 2d *Judgments* §395 (1969).) But while this doctrine is applicable both to attempts to relitigate the same cause of action and to attempts to relitigate the same issues in a different claim or cause of action, it must be noted that there is a wide difference between the effect of a judgment as a bar to the prosecution by the same parties of a second action upon the same claim, demand or cause of action (often called *res judicata*, direct estoppel by judgment or claim preclusion) and its effect as a bar to the relitigation of particular facts or issues in another action between the same parties on a different claim or cause of action (often called collateral estoppel or collateral estoppel by judgment or issue preclusion). 46 Am. Jur. 2d *Judgments* §§396, 397 (1969); 50 C.J.S. *Judgments* §687 (1947).

■ As was discussed at length in *Baird v. Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, where the two actions are on the same cause of action, as well as between the same parties, the earlier judgment is conclusive not only as to matters actually

determined in the prior action, but also as to other matters which could properly have been raised and determined therein. Thus in *Baird & Warner*, for example, the issue of *quantum meruit* could not be raised in the second action since it was raised in the pleadings to the first action although that issue was not actually litigated. Likewise, here, Hausner having once sought to recover against Glazer in tort for the injuries she suffered (the cause of action) could not again sue for these same injuries even though she raised new issues or theories of recovery, such as Glazer's liability for the acts of his agent.

■■■ But the fact that Hausner would be barred from raising these issues does not mean that the city of Burbank is barred. The suit between the city and Glazer is not for the same cause of action as that between Hausner and Glazer and the city. (*Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 205 N.E.2d 786.) Accordingly, the decision in the first case can only operate as an estoppel against the city as to those questions actually raised and determined, and not as to those issues which could have been raised. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217; 23 Ill. L. & Prac. *Judgments* §378; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 205 N.E.2d 786.) While the trial court found Glazer not liable as a matter of law, this does not mean it determined that Glazer was in no way negligent in his conduct. All that court determined was that Glazer was not negligent as contended by the plaintiff, that is, did not create an unnatural accumulation of snow. The issue of Glazer's liability for the conduct of its agent has never been in issue or adjudicated. Since where the cause of action is different, as here, the parties are bound not by issues which could have been litigated but only by those which were litigated, the city is not precluded from suing Glazer for indemnification because of the allegedly negligent actions of Glazer's agent.

■■ ■ Furthermore, before a party can be collaterally estopped from litigating an issue, it must be shown not only that the issue was litigated in the prior action, but that the party against whom estoppel would apply was the one litigating it. Parties to an action are not bound by the judgment therein in subsequent controversies between themselves where they were not adversaries in the action in which the judgment was rendered and their rights and liabilities *inter se* were not put in issue and determined in that action. (*Long v. Duggan-Karasik Construction Co.* (1974), 23 Ill. App. 3d 812, 320 N.E.2d 553; *Gouwens v. Gouwens* (1906), 222 Ill. 223, 78 N.E. 597; 46 Am. Jur. 2d *Judgments* §546 (1969).) Thus, it is well established that a judgment for or against two co-defendants, or for one co-defendant and against the other co-defendant, generally determines nothing as to their respective rights and liabilities, *inter se*, unless the issues were actively litigated between the two defendants in the

first action. (*Sherman House Hotel Co. v. Butler Street Foundry & Iron Co.* (1912), 168 Ill. App. 549; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 205 N.E.2d 786; *Long v. Duggan-Karasik Construction Co.* (1974), 23 Ill. App. 3d 812, 320 N.E.2d 553; Annot., 24 A.L.R. 3d 318 *et seq.* (1969).) As the court explained in *Chas. Ind Co.*, 56 Ill. App. 2d 30, 36-38, 205 N.E.2d 789, 790:

"[3] One of the prerequisites to the application of the doctrine of estoppel by verdict is that the precise fact or question asserted as having been determined and giving rise to the estoppel *again* be at issue. This presupposes that the fact in issue has already been litigated in the first suit, and the party whom the estoppel is to affect or against whom the estoppel is asserted must have contested this issue in the first suit. The reason for the rule is apparent. If an adverse finding on a fact is to prevent a litigant from asserting another right, he must have had an opportunity for full hearing and must have actually contested this fact when the finding was made. The obvious case for application of the doctrine is where one found guilty of negligence in a first suit, or one standing in substantially the same relationship, thereafter files a suit wherein he must prove his freedom from contributory negligence. Franciscy v. Jordan, 43 Ill App 2d 344, 193 NE2d 219 (2d Dist. 1963); Stangle v. Chicago, R. I. & P. R. Co., 295 F2d 789 (CA 7, 1961). In such a case the pleadings alone may establish that the controlling issue was necessarily raised in the first suit and that the party affected by the determination necessarily tried to prove the opposite of the ultimate determination.

[4] The rule is not so easily applied where, as here, the present parties were coparties in the prior litigation and the pleadings in such litigation are not before the Court. However, the fact that difficulty may arise in employing the doctrine of estoppel by verdict in a case such as that before the Court, does not bar its application. Rose v. Dolejs, 7 Ill App2d 267, 274, 129 NE2d 281 (2d Dist. 1955); Franciscy v. Jordan, supra; Lawler v. Schilling, 249 Ill App 290, 292, (4th Dist. 1928). In such a case, whether estoppel by verdict has any application depends on whether or not the parties were adversaries as to the fact or issue determined, either by the pleadings or in fact. If the parties were not adversaries by the pleadings, it must then appear by the record of the prior suit that they were adversaries in fact as to the particular matter determined and raised as a bar. Jones v. Koepke, 387 Ill-97, 106, 107, 55 NE2d 154 (1944); Stangle v. Chicago, R. I. & P. R. Co., 295 F2d 789 (CA 7, 1961).

\* \* \*

[5, 6] This determination does not depend upon technicalities but on broad principles of justice, and it can apply only when the party has had his day in Court and full opportunity to establish his claim. Voorhees v. Chicago & A. R. Co., 208 Ill App 86, 95 (3d Dist. 1917). The doctrine is based upon the principle that while every man is entitled to his day in court and full opportunity to sustain his position on the issues of fact involved, he is not given the right to litigate a matter twice."

In *Chas. Ind Co.* the court determined that the plaintiff (Ind) had in the prior suit "actively sought to establish" Wood's negligence. Accordingly, the court held that Ind, having actively sought in the first suit to establish Wood's responsibility for the injuries there complained of, was estopped from relitigating that issue. In the case at bar, however, the plaintiff has not carried its burden (*McNely v. Board of Education* (1956), 9 Ill. 2d 143, 137 N.E.2d 63; *Meeker v. Webner* (1977), 51 Ill. App. 3d 716, 366 N.E.2d 539, *appeal denied* (1977), 66 Ill. 2d 639), of establishing that the issues of Glazer's negligence and its liability for its agent's negligence were in fact actively litigated by the city in the first action. Indeed, from the scanty record before us, it appears that the city neither litigated nor had the opportunity to litigate these issues. It did not counterclaim against Glazer but elected to reserve its claim for a subsequent action as it is entitled to do under Illinois law. (*Security Insurance Co. v. Mato* (1973), 13 Ill. App. 3d 11, 298 N.E.2d 725; and compare: *Kraut v. Rachford* (1977), 51 Ill. App. 3d 206, 366 N.E.2d 497, *appeal denied* (1977), 66 Ill. 2d 639.) Nor did it attempt to establish that Glazer rather than it was negligent. It did attempt to show that Glazer rather than it was the owner of the sidewalk and, therefore, is barred from relitigating that issue. But that is all. Under the evidence presented to the trial court, the city is not barred from litigating the issues raised in its complaint.

This is the only equitable and just result. In the former action Hausner controlled the litigation; the city did not. It could not force the plaintiff to exhaust the question of Glazer's negligence nor could it do so itself. (*Long v. Duggan-Karasik Construction Co.* (1974), 23 Ill. App. 3d 812, 320 N.E.2d 553; 46 Am. Jur. 2d *Judgments* §546 (1969); Annot., 24 A.L.R.3d 318, 330 §3[b] (1969).) And it would be unrealistic to assume that Hausner necessarily fully and adequately exhausted the claims against Glazer, particularly in light of the fact that since she could recover against the city, a solvent defendant, she did not need to prove her case against Glazer. See the excellent discussion of this issue in 51 Ill. B. J. 249, 252 (1962).

Glazer has contended that the city did or could have litigated the issues since it could have cross-examined Glazer who was called as a

witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), and it could have appealed the directed verdict for Glazer. It is not clear from the meager record presented in this case that Glazer testified in the first action. But even if he did, the city's cross-examination would have been limited to those matters within the scope of the direct examination. Likewise, while the city could have appealed, this remedy would have been futile since the plaintiff failed to introduce any evidence on the questions now in issue. Finally, it must be remembered that the issue is not whether the city *could have* litigated the issue of Glazer's negligence in the first action but whether *it did.* Obviously it could have by filing a counterclaim. (Ill. Rev. Stat. 1973, ch. 110, par. 25(2).) But under Illinois law it was not required to do so.

Glazer argues that it would be legally and logically impossible for Glazer to be absolved of negligence as to Hausner and to be held liable for indemnity to the city when the city has already been held liable to Hausner. But if Hausner had sued the city and Glazer in separate actions, and recovered against the one but lost in the suit against the other, no one would suggest that the city was barred from seeking indemnity against Glazer even though the resulting verdict might be inconsistent with the original judgment.

## II.

Glazer also contends that since the order states that the trial court was "fully advised in the premises" we must presume that the court heard all the relevant facts, and since no transcript of any proceedings in the trial of the present action is included in the record we must presume that the missing evidence supports the judgment and affirm. However, the Illinois Supreme Court ruled in *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 245, 362 N.E.2d 345, 346:

> "The record on appeal does not contain a report of proceedings or any record in lieu thereof as provided by Supreme Court Rule 323(c) and (d). (58 Ill. 2d R. 323(c), (d).) As gathered from the plaintiff's brief * * * and the absence of a statement in the order indicating that the court heard evidence, it is apparent no testimony was heard by the court on plaintiff's petition to adjudicate the Department's charge. The trial court must have reached its decision based on the information contained in the plaintiff's pleadings, answers to interrogatories, and argument of counsel. Thus, the trial court's statement that it was 'fully advised in the premises' does not give rise to the presumption that adequate evidence was heard, as there are contrary indications in the record. *Stickler v. McCarthy* (1965), 64 Ill. App. 2d 1, 20-21, *rev'd on other*

*grounds* (1967), 37 Ill. 2d 48; see *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 201-02, wherein evidence was taken but not recorded, and the trial court's order included a statement that evidence was heard."

We note that while the defendant has asked us to assume that evidence not in the record was in fact introduced and supports the judgment, he does not, in fact, either claim that any evidence not in the record was introduced or suggest what that evidence was.

Since the judgment of the trial court that the suit is barred by *res judicata* is not supported by the evidence in the record, we must reverse and remand for additional proceedings. Nothing in this opinion should be construed to prevent the defendant from introducing additional evidence, if he is able to do so, to show that the issues involved herein were in fact litigated by these parties in the first action.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.