S & S AUTOMOTIVE, Plaintiff-Appellant, v. CHECKER TAXI COMPANY, Defendant-Appellee.—DONALD DeLEONARDIS, Plaintiff-Appellant, v. CHECKER TAXI COMPANY, Defendant-Appellee.

First District (3rd Division)   Nos. 87—1351, 87—1441 cons.

Opinion filed January 27, 1988.

John W. Lally and Pitler & Mandell, both of Chicago (Philip L. Mandell, of counsel), for appellants.

Jesmer and Harris, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal involves the collateral estoppel effect of a default judgment against codefendants.

In an earlier suit, American County Insurance Company brought a declaratory judgment action against Donald DeLeonardis and S & S Automotive, and named its insured, Checker Taxi Company, as a defendant. Checker filed an appearance, but did not file an answer. DeLeonardis and S & S did not appear. The trial court entered a default judgment in favor of American Insurance, finding that Checker did not have coverage under its insurance policy. Based only on the unanswered complaint, the court found further that the taxi driver, Abdul Shaikh, was not an agent of Checker.

In the present action, plaintiffs DeLeonardis and S & S each sued Checker alleging that the cab driver was Checker's agent and that Checker was liable for his negligence under the theory of *respondeat superior*. Upon Checker's motion, the trial court entered an order estopping plaintiffs from proving agency based upon the earlier default judgment. The court further ordered that, due to plaintiffs' inability to prove an agency relationship, plaintiffs had no right of recovery by or through Shaikh under the theory of *respondeat superior*.

On appeal, plaintiffs contend that collateral estoppel cannot be used to determine issues between the previous codefendants and that as a matter of law a cab company cannot deny the agency of drivers of its cabs. Plaintiffs point out that for practical reasons, they would default in the earlier suit because it concerned only whether Checker's insurer would cover the incident. Plaintiffs had no reason to be concerned as to whether Checker or its insurer would pay the damages which plaintiffs seek to prove in the present action.

We find that collateral estoppel does not apply here because the agency issue was not actually litigated prior to the entry of the default judgment.

■ The doctrine of collateral estoppel bars the relitigation of particular issues decided in another action between the same parties on a different cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) Significantly, the judgment in the first suit operates as an estoppel only as to the point or question *actually litigated* and determined and not as to other matters which might have been litigated and determined. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959, citing *Grip-Pak, Inc. v. Illinois Tool Works, Inc.* (7th Cir. 1982), 694 F.2d 466, 469, *cert. denied* (1983), 461 U.S. 958, 77 L. Ed. 2d 1317, 103 S. Ct. 2431.) This estoppel effect differs considerably from the employed under the doctrine of *res judicata*, where a final judgment constitutes a bar to a subsequent action involving the same cause of action and is conclusive as to every matter raised and every matter which *might have been* raised. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959; *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952.

The present case involves the same parties but a different cause of action than the earlier declaratory judgment action to determine insurance coverage. The estoppel, however, applies only to issues actually litigated in the declaratory judgment action. The issue of whether the cab driver was an agent of Checker was not actually litigated.

■ In order for an earlier judgment to be conclusive on a certain issue, the party asserting the preclusion bears the heavy burden of showing with clarity and certainty that the identical issue was decided. (*Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952.) A judgment is conclusive in a subsequent action between the same parties on any issue actually litigated and determined if its determination was essential to that judgment. *Cooper v. Federal Reserve Bank* (1984), 467 U.S. 867, 81 L. Ed. 2d 718, 104 S. Ct. 2794.

Furthermore, the parties here were on the same side in the original case. "The rule is that parties on the same side of litigation are not bound by a judgment or decree in subsequent controversies between them respecting their rights, unless they have formed or contested an issue respecting the same and the judgment or decree has determined such rights." *Remus v. Schwass* (1950), 406 Ill. 63, 72, 92 N.E.2d 127, 131-32, citing *Jones v. Koepke* (1944), 387 Ill. 97, 55 N.E.2d 154.

In *Remus v. Schwass,* there was even greater cause than there is here for the court to find the previous codefendants had litigated the

issue. In that case, the codefendants had each filed answers directly addressing the issue ultimately decided in the subsequent case. In *Remus*, in the original Dramshop Act case, one defendant filed an answer denying ownership of certain property and two defendants filed an answer admitting ownership of the property. In the later suit to determine the question of ownership of that property, the court found collateral estoppel inapplicable because the answers filed in the dramshop action were addressed to the allegations of the complaint filed there and did not purport to raise arguments against any question of ownership as between the codefendants. The court concluded that no adjudication of the issue was made in the original action. *Remus*, therefore, offers strong support for plaintiffs' argument here.

This court recently reaffirmed the rule set forth in *Remus*. In *City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97, we held that parties to an action are not bound by an earlier judgment where they were not adversaries in that action and their rights and liabilities *inter se* were not put in issue and determined in that action. (*City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97, citing *Long v. Duggan-Karasik Construction Co.* (1974), 23 Ill. App. 3d 812, 320 N.E.2d 553; *Gouwens v. Gouwens* (1906), 222 Ill. 223, 78 N.E. 597; 46 Am. Jr. 2d *Judgments* §546 (1969).) Thus, a judgment for or against codefendants generally determines nothing as to their respective rights and liabilities *inter se* unless the issues were actively litigated between those defendants in the first action. (*City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97; *Long v. Duggan-Karasik Construction Co.* (1974), 23 Ill. App. 3d 812, 320 N.E.2d 553; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 205 N.E.2d 786; *Sherman House Hotel Co. v. Butler Street Foundry & Iron Co.* (1912), 168 Ill. App. 549; Annot., 24 A.L.R.3d 318 (1969).) If the parties were not adversaries in fact as to the particular matter determined and raised as a bar, then estoppel will not apply. *Jones v. Koepke* (1944), 387 Ill. 97, 55 N.E.2d 154; *Rose v. Dolejs* (1955), 7 Ill. App. 2d 267, 129 N.E.2d 281; *Franciscy v. Jordan* (1963), 43 Ill. App. 2d 344, 193 N.E.2d 219; *Lawler v. Schilling* (1928), 249 Ill. App. 290.

■■ In *dicta*, our supreme court recently signalled strong support for the general rule upon which we rely here. In *Housing Authority v. YMCA*, the court held that the default judgment was entitled to the same preclusive effect under the doctrine of *res judicata* as any other judgment. The court then at page 254 distinguished the preclusive effect of a default judgment under the doctrine of collateral estoppel:

"Some courts have held that default judgments have limited

preclusive effects under the doctrine of collateral estoppel. (See *Grip-Pak, Inc. v. Illinois Tool Works, Inc.* (7th Cir. 1982), 694 F. 2d 466, 469, *cert. denied* (1983), 461 U.S. 958, 77 L. Ed. 2d 1317, 103 S. Ct. 2430 ('a default judgment is not a proper basis for collateral estoppel'); *In re McMillan* (3d Cir. 1978), 579 F.2d 289, 292-93; Restatement (Second) of Judgments §27, comment *e* (1982), see also *Collateral Estoppel in Default Judgments: The Case for Abolition,* 70 Columb. L. Rev. 522 (1970); 1B J. Moore, Moore's Federal Practice §0.444[2], at 798 (2d ed. 1983).) However, default judgments are always *res judicata* on the ultimate claim or demand presented in the complaint." *Housing Authority v. YMCA* (1984) 101 Ill. 2d at 254.

We conclude that Checker has not carried its burden of establishing that the issue of agency and Checker's liability for its agent's negligence were in fact actually litigated in the first action. Under the circumstances, plaintiffs are not barred from litigating a claim against Checker under the theory of *respondeat superior.*

▮ Principles of equity and fairness also prevent our application of collateral estoppel. A preclusive effect will not be applied where it results in manifest injustice. (*Hansberry v. Lee* (1940), 311 U.S. 32, 85 L. Ed. 22, 61 S. Ct. 115; *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952.) The determination as to whether codefendants in a prior suit are later barred from litigating a certain issue does not depend upon technicalities, but instead depends upon broad principles of justice, and it can apply only when the party has had his day in court and a full opportunity to establish the claim. (*Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 205 N.E.2d 786, citing *Voorhees v. Chicago & Alton R.R. Co.* (1917), 208 Ill. App. 86.) In the former action to determine whether Checker was covered by American, the insurer and its insured controlled the litigation; plaintiffs here did not. Plaintiffs were not required to litigate the question of whether Checker was guilty of imputed negligence. Moreover, it would be unrealistic to assume that plaintiffs would actively litigate against Checker's insurer, particularly in light of the fact that they need not recover against an insurer and thus did not need to prove their case against American. (See *City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97.) We conclude that the trial court erred in entering judgment for Checker and against plaintiffs.

Plaintiffs also allege that as a matter of law Checker cannot deny the driver was its agent. In view of our holding, we need not address this issue.

For these reasons, the judgment of the circuit court of Cook

County is reversed, and the cause is remanded for further proceedings consistent with the holdings set forth herein.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.