[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12584
Non-Argument Calendar

————————————————

D.C. Docket Nos. 6:17-cv-01847-RBD; 6:13-bkc-04253-CCJ

In re: CHADWICK CREECH,
    YUWEN CREECH,

                                                    Debtor.

_____

CHADWICK CREECH,
YUWEN CREECH,

                                                    Plaintiffs–Appellants,

versus

WILFRED C. VIRUET,
CYNTHIA M. VIRUET,

                                                    Defendants–Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 7, 2019)

Before TJOFLAT, CARNES, and JORDAN, Circuit Judges.

PER CURIAM:

This case presents two questions.  First, whether a default judgment entered as a discovery sanction in Illinois state court meets the requirements of issue preclusion under Illinois law.  Second, whether a debt resulting from that default judgment is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(19).  We hold that issue preclusion applies, and the debt is non-dischargeable.

## I.

Illinois residents Wilfred and Cynthia Viruet invested in Streamone, LLC, a company owned by Florida residents Chadwick and Yuwen Creech.  When the Viruets were unable to recover their investment, they brought a suit in Illinois state court against the Creeches.  Among other things, the Viruets alleged that the Creeches sold them unregistered securities without a license and made material misrepresentations about the investment, violating Illinois and Florida securities laws.  They also alleged that this conduct amounted to common law fraud.

The Creeches answered the complaint, asserted affirmative defenses, and filed and responded to motions.  But they refused to respond to interrogatories or to produce relevant documents despite the Court's orders to do so.  Eventually, the Court sanctioned the Creeches by entering a default judgment against them for

2

$981,010.63 plus $547 in costs.  The Creeches appealed, but an Illinois appellate

court later dismissed the appeal for want of prosecution.

Subsequently, the Securities Department of the Illinois Secretary of State

brought an administrative action against the Creeches and their companies:

Streamone, LLC and Streamone FS, LLC.  The Secretary accused the Creeches of

violating Illinois securities laws based on the same conduct complained of in the

state suit: making material misrepresentations to the Viruets while selling

unregistered securities in Streamone without a license.  After a contested three-day

hearing, the Secretary entered an order, including findings of fact and conclusions

of law, that prohibited the Creeches and the Streamone companies from selling

securities in Illinois, and fined Chadwick Creech and the Streamone companies

$10,000 each.

After the default judgment but before the administrative order, the Creeches

filed for bankruptcy.  The Viruets intervened, asking the Bankruptcy Court to find

that the debt owed to them from the state court judgment was not dischargeable.

They argued that 11 U.S.C. § 523(a)(19) protected their debt from discharge, and

that the Creeches were precluded from relitigating the debt because of the default

judgment and the administrative order.[1]  The Creeches maintain that neither the

---

[1] The Illinois Secretary of State entered the administrative order after the Creeches' filed for bankruptcy but before the bankruptcy court ruled on discharge.

state court judgment nor the administrative order meets the requirements for issue preclusion. The Creeches want to prove they are not liable for the alleged conduct and thus that the purported debt is invalid. The Bankruptcy Court ruled that the Creeches were precluded from challenging the debt, and that the debt was non-dischargeable. The District Court affirmed, and so do we.

## II.

On appeals from bankruptcy court, "we review the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*." *In re Lunsford*, 848 F.3d 963, 966 (11th Cir. 2017) (quotation omitted).

## A.

We address the Creeches' arguments about issue preclusion first. It is now well-settled that issue preclusion applies to bankruptcy proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 n.11 (1991). When asked to determine the preclusive effect of a judgment, we "refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327, 1332 (1985); *see also* 28 U.S.C. § 1738 (2018). Thus, we look to Illinois law on issue preclusion.[2]

---

[2] The Viruets direct us to one of our precedents on bankruptcy discharges, which held that issue preclusion applied to default judgments that were actually litigated:

> Where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, and even attempts to frustrate the effort to bring the action to judgment . . . a district

Under Illinois law, the "minimum threshold requirements" for issue preclusion are that the issue in the prior proceeding must have been (1) identical to the present one, (2) actually litigated, (3) necessarily decided in a final judgment on the merits, and (4) asserted against the same party or one in privity. *See Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477–78 (Ill. 2001). The Creeches argue that neither the state court judgment nor the administrative order meets these requirements.

For the state court judgment, the Creeches maintain that the issue—whether they violated securities laws and defrauded the Viruets—was neither actually litigated nor decided in a final judgment on the merits. They contest whether an issue can ever be actually litigated or decided in a final judgment when the action ends in a default judgment.

Illinois law is clear that a default judgment is considered a final judgment on the merits of "the ultimate claim or demand presented in the complaint." *See Hous. Auth. for La Salle Cty. v. Y.M.C.A. of Ottawa*, 461 N.E.2d 959, 963 (Ill. 1984). The ultimate claim presented in the Viruets' complaint was violations of Illinois and Florida securities laws. The default judgment, then, is final on that.

court [may] apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action.

*In re Bush*, 62 F.3d 1319, 1325 (11th Cir. 1995). But *Bush* was applying federal common law. *Id.* at 1323 & n.6. Because we must apply Illinois law on preclusion, *Bush* is inapposite.

Illinois law is less clear on whether an issue can be actually litigated in an action ending in a default judgment. It is important to distinguish between different types of default judgments. In Illinois, the typical default judgment is entered when a defendant fails to appear or answer. 735 Ill. Comp. Stat. 5/2-1301. But Illinois also allows its courts to enter a default judgment as a sanction for violating a discovery order. Ill. Sup. Ct. R. 219(c)(v). Necessarily, a default judgment entered as a discovery sanction would only come about when the litigation has progressed into the discovery phase. And a case that has progressed into the discovery phase may well involve issues that were actually litigated. In other words, as it relates to whether an issue was actually litigated, not all default judgments are created equal.

The Illinois Supreme Court has never decided whether issue preclusion applies to default judgments. The closest it came was in dicta noting that "[s]ome courts have held that default judgments have limited preclusive effects under the doctrine of collateral estoppel." *Y.M.C.A. of Ottawa*, 461 N.E.2d at 963. An Illinois appellate court found that "collateral estoppel does not apply here because the agency issue was not actually litigated prior to the entry of the default judgment." *S & S Auto. v. Checker Taxi Co.*, 520 N.E.2d 929, 930 (Ill. App. Ct. 1988). But *Checker Taxi* dealt with a typical default judgment, not one entered as a discovery sanction. In that case, the plaintiff and defendant had both been co-

6

defendants in a previous case. *Id.* One of the co-defendants did not appear in the previous case, and neither bothered to answer the complaint. *Id.* In those circumstances, the court rightly determined that the issue of whether one of the co-defendants was the agent of the other had not been actually litigated in the previous case. *Id.* at 931. The court did not say that issue preclusion could never apply to a default judgment.

The Creeches point to other courts' holdings that issue preclusion does not apply to default judgments under Illinois law. *See In re Nikitas*, 326 B.R. 127, 131 (Bankr. N.D. Ill. 2005) ("Although Illinois law on the subject is neither well-developed nor clear, it appears Illinois subscribes to the majority view that a default judgment cannot form the basis for collateral estoppel."); *see also In re Binns*, 328 B.R. 126, 129–30 (B.A.P. 8th Cir. 2005) (holding same); *Raab Sales, Inc. v. Domino Amjet, Inc.*, 530 F. Supp. 2d 1192, 1197–98 (D. Kan. 2008) (same); *In re Jacobs*, 448 B.R. 453, 469–70 (Bankr. N.D. Ill. 2011) (same). But all of these cases address a typical default judgment, where the defendant fails to appear or answer the complaint. None of these cases address a default judgment entered as a discovery sanction after the case has been substantially litigated. (Also, none of these cases are from Illinois courts, so their interpretation of Illinois law is not binding.) We thus find no rule of Illinois law saying that a default judgment can never receive preclusive effect, even one entered after substantial litigation.

Nor do we think Illinois would adopt such a rule.  The relevant question is not the title of the order but whether the issue was actually litigated.  On this question, there is a difference between a default judgment entered when the defendant fails to appear or answer the complaint, and one entered after the defendant appeared, answered the complaint, asserted affirmative defenses, and filed and answered motions.  We do not believe that Illinois would decide that, in the latter situation, the issue could never be actually litigated.  To decide so would allow parties to substantially litigate a claim, realize the case was not going their way, refuse to participate in the case any further, draw a default judgment, and then escape the preclusive effect of that judgment because it was entered by default.  There is no reason to believe that Illinois would invite such gamesmanship.

Here, the Creeches and the Viruets actually litigated in Illinois state court whether the Creeches violated securities laws and defrauded the Viruets by selling unregistered securities without a license and making material misrepresentations.  The Viruets alleged as much in their complaint.  The docket from the Illinois state court shows that the Creeches answered the complaint, they filed affirmative defenses, and they submitted exhibits and affidavits.  They also filed motions, including a motion to dismiss and a motion for summary judgment.  For part of the proceedings, they were represented by counsel.  But, after a year of litigation, the Creeches refused to comply with the Court's discovery orders, and the Court

8

entered a default judgment as a discovery sanction.  In its order, the Court specifically found that the discovery was relevant to the Viruets' claims that the Creeches committed fraud and violated Illinois and Florida securities laws.  Based on this activity, we find that the issue was actually litigated, and the default judgment qualifies for issue preclusion under Illinois law.

Because the Creeches are precluded from challenging their liability for the debt by the state court judgment, we do not reach the question of whether the Creeches would also be precluded by the administrative order.

**B.**

Next, we examine whether the Bankruptcy Court was correct in ruling that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(19).  Normally, a person in bankruptcy can get a "fresh start" by discharging his or her debts.  *See Grogan*, 498 U.S. at 286, 111 S. Ct. at 659.  But a fresh start is available only to the "honest but unfortunate debtor."  *Id.* at 287, 111 S. Ct. at 659 (quotation omitted).  Accordingly, Congress has specified certain debts that cannot be discharged in 11 U.S.C. § 523(a).  One of these exceptions is for debts resulting from court judgments or administrative orders for violating securities laws.  *See* § 523(a)(19).

The statute reads as follows:

(a) A [bankruptcy] discharge . . . does not discharge an individual debtor from any debt—

. . .

(19) that—

(A) is for—

(i) the violation of any of the Federal [or] State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

§ 523(a)(19).  Essentially, the statute has two requirements: first, the debt must be for the violation of securities laws or a fraud in connection with the purchase or sale of a security; second, the debt must be memorialized in a judicial or administrative order or settlement agreement.  *Id.*; *see also In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015); *In re Pujdak*, 462 B.R. 560, 575 (Bankr. D.S.C. 2011); *In re Jafari*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).  If these two requirements are met, the debt is not dischargeable.

10

The first requirement asks whether the debt was for the violation of securities laws.  To answer this question, we look behind "the default judgment to the text of the complaint to determine whether the findings required for non-dischargeability were sufficiently plead to have been necessarily decided . . . ." *In re Tills*, 419 B.R. 444, 456 (Bankr. S.D. Cal. 2009).  The Viruets' complaint specifically alleged violations of Illinois and Florida securities laws, as well as common law fraud, all for selling unregistered securities and for selling securities without a license.  Consequently, the default judgment was necessarily for the violation of securities laws.

The second requirement is also satisfied: the Creeches' debt is memorialized in a judgment from a judicial proceeding—specifically, the default judgment from the Illinois state court.  After all, a default judgment is no less a judgment for being entered in default.  Thus, both requirements are met, and the debt is not dischargeable.[3]

**AFFIRMED.**

---

[3] The Viruets ask us to follow several other courts in finding that § 523(a)(19) preempts issue preclusion law.  *See, e.g.*, *Tripodi v. Welch*, 810 F.3d 761, 767 (10th Cir. 2016); *In re Boccarsi*, 578 B.R. 800, 811 (Bankr. N.D. Ill. 2017); *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015); *In re Friedman*, 531 B.R. 741, 746 (Bankr. N.D. Ill. 2015); *In re Pudjak*, 462 B.R. 560, 578 (Bankr. D.S.C. 2011).  Because we resolve the case on other grounds, we decline to reach this question.