**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

ROBERT C. TRIPODI, Jr., an
individual and citizen of California,

    Plaintiff - Appellee,

v.

NATHAN WELCH, an individual and
citizen of Utah,

    Defendant - Appellant,

and

CAPITAL CONCEPTS, L.L.C., a Utah
limited liability company; BLAIR S.
ARNELL, an individual and citizen of
Utah; NATHAN ARNELL, an
individual and citizen of Utah; PRIME
WEST JORDANELLE, L.L.C., a Utah
limited liability company; PWJ
HOLDINGS, a Utah limited liability
company; OIL WELL PROPERTIES,
L.L.C., a Utah limited liability
company; JOHN DOES I-X,

    Defendants.

No. 14-4084

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:09-CV-00071-CW)**

---

Submitted on the briefs:[*]

Arnold Richer and Patrick F. Holden of Richer & Associates, P.C., South Jordan, Utah, for Plaintiff - Appellee.

Lawrence D. Hilton of Legal Tender Services, P.L.L.C., Alpine, Utah, for Defendant - Appellant.

---

Before **KELLY**, **McKAY**, and **PHILLIPS**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Debtor-Appellant Nathan Welch appeals from the district court's order denying his motion for judgment on the pleadings and determining that a default judgment is nondischargeable in bankruptcy. Tripodi v. Capital Concepts, LLC, No. 2:09-CV-00071-CW, 2014 WL 2967941, at *9 (D. Utah July 1, 2014). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case arises out of the failure of the Talisman project, a high-end real estate development project in Wasatch County, Utah. Beginning in 2006, Mr. Welch worked to procure funding for the Talisman project, partly through a relationship with Capital Concepts, LLC, a third-party entity that solicited investors. Appellee Robert Tripodi was one of these investors, eventually putting $1 million into Talisman. To secure Mr. Tripodi's investment, Mr. Welch issued three promissory notes to Capital Concepts, which in turn, assigned the notes to Mr. Tripodi. Initially issued for one-year terms, the notes had an 18 percent annual interest rate, which increased to 24 percent upon default. The notes were personally guaranteed by Mr. Welch and secured by two separate but identical deeds of trust. These deeds secured multiple promissory notes up to $9.125 million and provided equal lien priority for the notes.

Mr. Welch ultimately defaulted on the notes. In January 2009, Mr. Tripodi filed a complaint against Mr. Welch in federal district court, alleging violations of state and federal securities laws. In March, Mr. Welch answered the complaint. In July, Mr. Welch's attorney filed a motion to withdraw as counsel, and the

---

[1] This background information is culled from the district court's July 1, 2014 decision and order and Tripodi's January 28, 2009 complaint. The district court entered default judgment against Welch in April 2010. Because of the default judgment against him, Welch "admits the plaintiff's well-pleaded allegations of fact" and forfeits his ability to contest those facts. See Olcott v. Del. Flood Co., 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting Jackson v. FIE Corp., 302 F.3d 515, 525 (5th Cir. 2002)).

district court granted the motion and allowed Mr. Welch twenty days to engage a new attorney or appear pro se. I Aplt. App. 60–62. For seven months, Mr. Welch did not respond. In March 2010, Mr. Tripodi filed a motion for entry of default. The court granted the motion for entry of default and issued an order to show cause as to why a default judgment should not be entered. See Order, Tripodi v. Capital Concepts, LLC, No. 2:09-CV-00071-CW (D. Utah Mar. 30, 2010), ECF Nos. 37–38. Receiving no response, the district court entered an order granting the entry of default judgment against Mr. Welch in April 2010, providing various remedies, including foreclosure, and reserving on damages, costs, and attorney's fees. I Aplt. App. 90–92.

For the next year, Mr. Tripodi offered proof of damages, costs, and attorney's fees. In May 2011, the court found Mr. Tripodi was owed $729,161.65 plus post-judgment interest. II Aplt. App. 130. Mr. Welch then filed a voluntary petition for Chapter 7 bankruptcy in August 2011. IV Aplt. App. 414. Nearly two years later, Mr. Tripodi sought relief from the automatic stay. In June 2013, the bankruptcy court granted the motion, see II Aplt. App. 145–49, and Mr. Tripodi petitioned the district court for an entry of final default judgment and determination of post-judgment interest. On July 23, 2013, the district court directed the clerk to enter final monetary judgment. Id. at 172–77. Two days later, the clerk entered a monetary judgment for $729,161.65 with post-judgment interest accruing from May 23, 2011. See Judgment, Tripodi v. Capital Concepts,

LLC, No. 2:09-CV-00071-CW (D. Utah July 25, 2013), ECF No. 120.

For the first time in almost four years, Mr. Welch mounted a defense. Mr. Welch opposed a determination of damages and filed a cross-motion to set aside entry of default. The district court denied his motion as untimely and struck the memorandum in opposition. Id. at 197. Each party then filed post-judgment motions. Mr. Tripodi moved for an order determining that the judgment against Mr. Welch was nondischargeable under 11 U.S.C. § 523(a)(19). At the same time, Mr. Welch filed a motion asking the district court to (1) reconsider its refusal to set aside the entry of default under Fed. R. Civ. P. 55(c), (2) set aside the default judgment under Fed. R. Civ. P. 60(b), and (3) enter a judgment on the pleadings in Mr. Welch's favor under Fed. R. Civ. P. 12(c). In February 2014, the district court heard oral arguments on the motions. IV Aplt. App. 329–72. Ruling from the bench, the district court denied Mr. Welch's motion to set aside entry of default and entry of default judgment, and then, in a written order, the district court denied Welch's motion for judgment on the pleadings and granted Mr. Tripodi's motion finding the judgment was nondischargeable. Tripodi, 2014 WL 2967941, at *9.

## Discussion

Mr. Welch argues the district court erred in denying his motion for judgment on the pleadings and in granting Mr. Tripodi's motion that the default

judgment is nondischargeable under 11 U.S.C. § 523(a)(19). We disagree.

A. Judgment on the Pleadings

Mr. Welch first attacks the default judgment on the merits, claiming that Mr. Tripodi failed to state a cause of action in his initial complaint. In doing so, Mr. Welch chooses not to directly challenge the district court's entry of default judgment against him; rather, he mounts a roundabout attack by questioning sufficiency of the pleadings. Therefore, although this appeal ostensibly challenges the district court's denial of Mr. Welch's motion for judgment on the pleadings—a decision we typically review de novo—we believe that an unavoidable threshold question is the "validity of the default judgment." See, e.g., Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997). We review a district court's entry of default judgment for an abuse of discretion. Niemi v. Lasshofer, 770 F.3d 1331, 1352 (10th Cir. 2014). Because the entry of a default judgment is committed to the sound discretion of the district court, we will not overturn the court's decision "without a clear showing that . . . it manifests a clear error of judgment." Olcott, 327 F.3d at 1124.

After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts. Id. at 1125 (quoting Jackson, 302 F.3d at 525). Here, by answering the complaint and then failing to defend against it, Mr. Welch defaulted—a fact he does not

-6-

dispute.  See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 854–56 (8th Cir. 1996) (upholding default judgment against defendants who initially appeared through counsel and then did not participate in the case after their counsel withdrew).  By his default, Mr. Welch relieved Mr. Tripodi from having to prove the complaint's factual allegations.

However, even in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations.  The judgment must be supported by a sufficient basis in the pleadings.  Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010).  A sufficient basis exists here.  The complaint alleged several violations of federal and state securities law: sale of unregistered securities, sale of securities by an unlicensed broker or dealer, federal securities fraud, false registration statement, and sale of security related to a false registration statement.  See Complaint at 27–39, Tripodi v. Capital Concepts, LLC, No. 2:09-CV-00071-CW (D. Utah Jan. 28, 2009) (stating claims related to securities violations in the fifth, sixth, seventh, ninth, and tenth causes of action).  The facts supporting these allegations, deemed true after default, form the basis for a cognizable claim of state and federal securities fraud, specifically that the notes were, in fact, securities.  See Reves v. Ernst & Young, 494 U.S. 56, 65–67 (1990) (adopting a four-part test to determine whether a note bears a "resemblance" to a non-security, specifically looking to (1) the buyer's and seller's motivations, (2) the plan of distribution, (3) the investing public's

-7-

expectations, and (4) whether risk-reducing factors are present).  Mr. Tripodi

alleged that as a buyer, he invested in the Talisman project because it was a

"high-yielding investment" opportunity with interest rates ranging from 18 to 24

percent.  Tripodi, 2014 WL 2967941, at *1–2; see Reves, 494 U.S. at 66 (first

factor).  Mr. Tripodi claimed he ultimately invested because he relied on

misrepresentations that the project would be successful and that he would recoup

the promised return.  Tripodi, 2014 WL 2967941, at *4.  He asserted that the

investment was structured for broad distribution and available to unsophisticated

investors, such as himself.  Id. at *5; see Reves, 494 U.S. at 66 (second factor).

He did not negotiate or revise the terms of the investment.  Tripodi, 2014 WL

2967941, at *5.  These facts could support a finding that the investing public

would also consider these notes to be securities.  Id. at *6; see Reves, 494 U.S. at

66 (third factor).  Finally, Mr. Tripodi alleged that the little collateral provided

offered only "limited security for the investors."  Tripodi, 2014 WL 2967941, at

*7; see Reves, 494 U.S. at 67 (fourth factor).

Many of Mr. Welch's arguments to the contrary are an attempt to refute

these underlying facts.  He claims that the notes were not securities, namely that

Mr. Tripodi's investment was simply "short-term, bridge financing" and that

several risk-reducing factors protected the notes.  He bases these claims on facts

laid out in affidavits filed nearly four years after the district court entered default

judgment against him.  But again, his default prohibits him from disputing the

facts. Mr. Welch also disputes the legal sufficiency of the complaint, claiming that a finding that these notes are securities is foreclosed by Resolution Trust Corp. v. Stone, 998 F.2d 1534 (10th Cir. 1993), and that the notes fail the "investment contract" test, see SEC v. W.J. Howey Co., 328 U.S. 293 (1946). Neither argument allows Mr. Welch to prevail. His comparison to Resolution Trust Corp. fails to account for the fact that the alleged instruments in that case were only offered to "a very specialized and sophisticated secondary market" and were collateralized by vehicles for which the loans were made. 998 F.2d at 1539. Here, Mr. Tripodi claimed that the notes were available to any interested investor and that the few risk-reducing factors available were not as robust as those in Resolution Trust Corp. Mr. Welch's reliance on the "investment contract" test is unnecessary because the facts of the complaint adequately allege the notes were securities. See Reves, 494 U.S. at 64.

Because these arguments fail, we need only look at the pleadings and decide whether the notes can be classified as securities under the facts alleged in the complaint. For all the reasons previously discussed, we find Mr. Tripodi's complaint met that standard. The district court did not abuse its discretion in entering a default judgment, and thus, fairness requires that we enforce it. See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983). We affirm the denial of judgment on the pleadings.

B.  Discharge of the Default Judgment

Mr. Welch next appeals the district court's order finding the default judgment against him is nondischargeable under 11 U.S.C. § 523(a)(19).  Whether a debt is dischargeable in bankruptcy under § 523 is a question of law subject to de novo review.  In re Troff, 488 F.3d 1237, 1239 (10th Cir. 2007).

The Bankruptcy Code generally allows the debtor a fresh start.  Certain debts, however, are exempt from discharge by statute.  See 11 U.S.C. § 523.  The district court granted Tripodi's motion that the default judgment against Welch cannot be discharged because it falls within the ambit of § 523(a)(19).  We agree.

Added to the Bankruptcy Code in 2002, § 523(a)(19) renders debts nondischargeable when they arise in connection with a violation of state or federal securities law.[2]  See Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204,

---

[2]  Section 523(a)(19) provides that a debt is not discharged that

(A) is for—
    (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
    (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—
    (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
    (ii) any settlement agreement entered into by the debtor; or
    (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

§ 803(3), 116 Stat. 745.  Essentially, a debtor cannot discharge his or her debt if two conditions are satisfied: first, the debt must stem from a violation of securities laws or a fraud in connection with the purchase or sale of a security, and second, the debt must be memorialized in a judicial or administrative order or settlement agreement.  11 U.S.C. § 523(a)(19); see also In re Jafari, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).  Here, the two-part test is satisfied.  Mr. Welch's debt stems from a violation of securities laws as set forth—and deemed true—in Mr. Tripodi's complaint, and Mr. Welch's debt was memorialized in a default judgment.

On appeal, Mr. Welch argues that this court generally refuses to give preclusive effect to default judgments in bankruptcy.  That is only partially true.  This court has refused to give preclusive effect to certain default judgments under § 523(a)(2), a different discharge exception under the Bankruptcy Code.[3]  See In re Jordana, 216 F.3d 1087, 2000 WL 783401, at *1 (10th Cir. June 20, 2000) (table); In re Seriki, No. 10-20816-EEB, 2012 WL 266926, at *1, *3 (Bankr. D. Colo. Jan. 30, 2012).  Section 523(a)(2), however, is not at issue here.  Recognizing this precedent is not exactly on point, Mr. Welch asks we extend it to § 523(a)(19).  We decline to do so because the sections have different

_____

11 U.S.C. § 523(a)(19).

[3] Section 523(a)(2) essentially provides that a debt is not discharged when obtained by "false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).

-11-

requirements and different purposes.  Section 523(a)(19) contains an additional requirement that is absent from § 523(a)(2), namely that a judgment, order, decree, or settlement agreement must memorialize the debt stemming from a securities law violation.  Compare 11 U.S.C. § 523(a)(2), with id. § 523(a)(19); see also In re Jafari, 401 B.R. at 497.  By including this additional requirement, Congress sought to close "[t]his loophole in the law" and "hold accountable those who violate securities laws after a government unit or private suit results in a judgement or settlement against the wrongdoer."  S. Rep. 107-146, 2002 WL 863249, at *10, *16 (2002); see also In re Jafari, 401 B.R. at 498.

This holding is supported by well-reasoned authority from other federal courts.  See, e.g., In re Pujdak, 462 B.R. 560, 578–79 (Bankr. D.S.C. 2011) (finding a default judgment issued in connection with violations of the South Carolina Securities Act is nondischargeable in bankruptcy under § 523(a)(19)); see also Meyer v. Rigdon, 36 F.3d 1375, 1382 (7th Cir. 1994) (finding any final judgment, including a default judgment, must be given preclusive effect under § 523(a)(11), which, like § 523(a)(19), requires proof of a final judgment).  The district court properly found that Welch's default judgment is nondischargeable under § 523(a)(19).

AFFIRMED.