**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  LARRY IVAN BEHRENDS,

    Debtor.

----------------------------

VIRGINA COOLEY-LINDER; COOLEY-
LINDER'S RETAIL PROPERTY, LLC;
VIRGINA C. LINDER AND DARRELL
F. LINDER, LLC; COOLEY LINDER'S
FRENCHQUARTER, LLC,

    Plaintiffs - Appellees,

v.

LARRY IVAN BEHRENDS,

    Defendant - Appellant.

No. 15-1420
(D.C. No. 1:14-CV-03247-REB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

In this adversary proceeding, Larry Ivan Behrends appeals from the district

court's order affirming the bankruptcy court's grant of summary judgment to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

plaintiffs and denying his cross-motion for summary judgment. Plaintiffs sought a determination that a debt to them, reflected in an arbitration award and confirmed in a Denver District Court judgment, was nondischargeable. Because we agree with the district court that the bankruptcy court properly concluded that the damages awarded against Behrends based on his violations of securities laws were nondischargeable under 11 U.S.C. § 523(a)(19), we affirm.

## BACKGROUND

In 2010, plaintiffs filed a Statement of Claim with the Financial Industry Regulatory Authority (FINRA). The Claim named two securities broker-dealers and Behrends as respondents. It alleged they had unlawfully sold plaintiffs "$623,560.53 worth of five highly speculative securities offerings which [they] represented as suitable for retirees like Claimants who were looking for safe income producing investments." Aplt. App. at 47. The Claim charged that the offerings "were non-exempt public securities offerings conducted in violation of state and federal securities laws" which were "the subject of SEC enforcement actions for fraud in the sale of securities." *Id.* It asserted legal claims against all of the respondents, including Behrends, for breach of fiduciary duty, fraud, violation of the Colorado Securities Act, violation of the Texas Securities Act, and negligence. Plaintiffs requested arbitration of these claims.

Behrends filed a pro se answer to the Claim in which he contested plaintiffs' claims and asserted various affirmative defenses. But he did not appear at the scheduled arbitration hearing. On the day of the hearing, at the arbitration panel's

2

request, plaintiffs' counsel placed a telephone call to Behrends, "who indicated he knew about the hearing, but had decided not to show up because he believed there was no point to being there or defending the claim." *Id.* at 83. The broker-dealer respondents also did not appear at the hearing.[1] The arbitration panel found that Behrends knew about the hearing, had been given proper notice and an adequate opportunity to be heard, but chose not to appear.

At the hearing, the arbitration panel "require[d] . . . Claimants [to] prove both liability and damages, which they did." *Id.* The panel then issued its written Award, as follows:

1.    *The Panel found multiple violations of the Colorado state and federal securities laws (as defined in Section 3(a)(47) of the SEC Act of 1934).*

2.    Respondents Capwest Securities and Behrends are jointly and severally liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder $285,485.96 in compensatory damages, inclusive of pre-judgment interest.

3.    Respondents Capwest Securities and Behrends are jointly and severally liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder post-judgment interest on the amount of $285,485.96 at the Colorado statutory rate . . . .

4.    Respondent Behrends is solely liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder $56,778.08 in additional compensatory damages, inclusive of pre-judgment interest.

5.    Respondent Behrends is solely liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder post-judgment interest on the amount of $56,778.08 . . . .

_____

[1] According to the arbitration award, respondent Capwest Securities notified plaintiffs' counsel it did not intend to show up or defend the case at the hearing. Respondent Workman Securities settled with the plaintiffs.

3

6.      Respondent Capwest Securities is solely liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder $500,000.00 in punitive damages for egregious violations of state and federal securities laws. . . .

7.      Respondents Capwest Securities and Behrends are jointly and severally liable for and shall pay to C1aimants Virginia Cooley-Linder and Darrell F. Linder $12,000.00 in attorneys' fees as a sanction for refusal to comply with the production requirements of a duly issued Order of the Panel. . . .

8.      Respondents Capwest Securities and Behrends are jointly and severally liable for and shall pay to Claimants Virginia Cooley-Linder and Darrell F. Linder $375.00 as reimbursement for the non-refundable portion of the initial claim filing fee previously paid by Claimants to FINRA.

9.      Any and all relief not specifically addressed herein is denied.

10.     *The arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature.*

*Id.* at 83–84 (emphasis added).

Behrends later filed his underlying Chapter 7 bankruptcy case. The bankruptcy court granted plaintiffs relief from the automatic stay, and plaintiffs subsequently filed an action in Denver state district court to confirm the FINRA award. Behrends neither opposed confirmation of the FINRA award nor appealed the district court's judgment confirming the award.

Plaintiffs then filed this adversary proceeding in bankruptcy court, seeking to have the debt declared nondischargeable under § 523(a)(19). Section 523(a)(19) contains two requirements. First, to be nondischargeable, the debt must be for "(i) the violation of any of the Federal securities laws . . . , any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

4

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." 11 U.S.C. § 523(a)(19)(A). Second, the debt must result from,

> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
> (ii) any settlement agreement entered into by the debtor; or
>
> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

*Id.* § 523(a)(19)(B).

The bankruptcy court found both requirements met. The court also determined that collateral estoppel barred it from reconsidering the merits of the plaintiffs' FINRA claim. Accordingly, it granted plaintiffs' motion for summary judgment and denied Behrends's motion.

Behrends appealed to the district court, which affirmed the bankruptcy court's order.

## DISCUSSION

"Whether a debt is dischargeable in bankruptcy under § 523 is a question of law subject to de novo review." *Tripodi v. Welch*, 810 F.3d 761, 766 (10th Cir. 2016). "The burden is on the creditor to show a debt is nondischargeable under § 523(a)." *Okla. Dep't of Sec. ex rel. Faught v. Wilcox*, 691 F.3d 1171, 1174 (10th Cir. 2012) (citing *Grogan v. Garner*, 498 U.S. 279, 283 (1991)).

### A. Debt Stemming From Violation of Securities Laws—§ 523(a)(19)(A)

Behrends argues that this condition is not met because plaintiffs failed to prove that the arbitration panel actually litigated the issue of whether he violated the

securities laws. In his view, plaintiffs must satisfy all of the traditional requisites for application of collateral estoppel, including proving that the issue resolved by the finding was "actually litigated" in the prior proceeding, in order to use the finding of a securities violation contained in a prior judgment such as the arbitration award. In order to give a prior judgment collateral estoppel or issue preclusion effect for purposes of nondischargeability, the prior judgment must generally satisfy state-law preclusion principles. *See* 2 Michael S. Coffman, Lance Miller & Howard J. Steinberg, *Issue Preclusion (Collateral Estoppel)*, 2 Bankr. Litig. § 13:89 (2d ed. July 2007 & Aug. 2016 Update). But the argument fails here because, to satisfy § 523(a)(19), it is not necessary to show that the securities violation was "actually litigated" as understood in state issue preclusion cases. In enacting § 523(a)(19), Congress departed from the common-law understanding of collateral estoppel and issue preclusion principles.

Section 523(a)(19)(B)(i) permits a determination of nondischargeability based on "*any* judgment," (emphasis added). Consistent with this broad language, we have held that a court may give preclusive effect to a default judgment that otherwise satisfies the requirements of § 523(a)(19), *see Tripodi*, 810 F.3d at 766–67.[2] This is

---

[2] Section 523(a)(19) was adopted as part of the Sarbanes-Oxley Act in 2002, *see Okla. Dep't of Sec.*, 691 F.3d at 1175, and serves the broad remedial purpose of "hold[ing] accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer." *Tripodi*, 810 F.3d at 767 (internal quotation marks omitted) (quoting S. Rep. No. 107-146, at *16 (2002)). *See also* Coffman, et al., *Section 523(a)(19): Securities Violations*, 2 Bankr. Litig. § 13:67 ("The policy underlying [§ 523(a)(19)] is to hold parties

true even when state law would otherwise bar the use of collateral estoppel because the plaintiff failed to prove an issue was actually litigated in the prior proceeding. Section 523(a)(19) preempts such state-law requirements. *See, e.g.*, *Paik v. Lee (In re Lee)*, 536 B.R. 848, 859 (Bankr. N.D. Cal. 2015) ("Congress clearly intended to alter the 'actually litigated' requirement of the issue preclusion analysis so that a settlement agreement has a preclusive effect not otherwise available." (brackets and internal quotation marks omitted)); *Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 577–78 (Bankr. D.S.C. 2011) ("South Carolina's traditional approach to collateral estoppel, requiring that the matter be 'actually litigated,' is altered in § 523(a)(19) actions . . . because collateral estoppel is a common law creature [that] can . . . be pre-empted by Congressional action." (internal quotation marks omitted)).[3] Thus, contrary to Behrends's argument based on plaintiffs' failure to produce transcripts or

---

accountable who violate securities laws and to give collateral estoppel effect to judgments finding the presence of securities fraud.").

[3] The district court applied Colorado's law of collateral estoppel, accepting Behrends's argument that "the effects of collateral estoppel on a judgment of a state court must be determined by the law of the forum in which the prior judgment was rendered." Aplt. App. at 13. We previously adopted a three-part test for determining whether collateral estoppel precludes relitigation of factual issues in dischargeability actions under § 523(a), making such findings binding on the bankruptcy court where "(1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment." *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988). Because both the Colorado and *Wallace* tests include the element of actual litigation, and because § 523(a)(19) modifies the requirement in either case, we need not determine whether the Colorado test for collateral estoppel governs this case.

other evidence of the proceedings to show which issues were "actually litigated" by the arbitration panel, there is no bar to using the arbitration award here.

Behrends also argues that the arbitration panel's findings are insufficient to show a securities law violation because it is not possible to determine from the award such factors as: (1) which securities laws he violated; (2) which acts or omissions were the bases for the alleged violations; (3) which facts support the amount of damages awarded; and (4) what standard of proof the panel applied. In this proceeding, however, all that is required is a determination that the award satisfied the requirements for nondischargeability described in § 523(a)(19). *Cf. Meyer v. Rigdon*, 36 F.3d 1375, 1382 (7th Cir. 1994) (considering, as a legal matter, whether default judgment satisfied requirements for nondischargeability detailed in § 523(a)(11)). An examination of the Claim reveals that those requirements were met.

Behrends's failure to defend means that he admitted all the facts plaintiffs asserted in their Claim. *See Tripodi*, 810 F.3d at 766–67 (stating debt resulting from default judgment stemmed "from a violation of securities laws as set forth—and deemed true—in [the defaulted] complaint"). In their Claim, plaintiffs asserted that Behrends "recommended, solicited, sold and over-concentrated [plaintiffs'] assets in several highly speculative, illiquid private placements" that were not at all suitable for them. Aplt. App. at 49. These private placements "were required to be registered and were sold to [plaintiffs] in violation of Colorado and Texas securities laws governing the sale of unregistered securities." *Id.* The Claim further asserted that

8

the respondents made misrepresentations and omitted material facts in connection with their solicitation and sale of the securities to the plaintiffs. It specifically alleged that these actions and/or omissions violated Colo. Rev. Stat. §§ 11-51-301, 11-51-501(1)(b), and 11-51-501(1)(c). Finally, the panel's award against Behrends was less than the total amount of damages sought against him in the Claim.

To be sure, "even in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations." *Tripodi*, 810 F.3d at 765. Here, however, Behrends does not argue that the admitted facts were insufficient as a matter of law to establish the required securities law violations. Moreover, although plaintiffs included other causes of action in their Claim, the arbitration panel explicitly stated (tracking the language of § 523(a)(19)(A)) that it found numerous violations of federal and Colorado state securities laws. The panel provided no other specific reason for its award.

Finally, Behrends complains that the arbitration panel's award states that it is "for the information of the parties only and . . . not precedential in nature." Aplt. App. at 84.[4] We agree with the district court that this language does not preclude the use of the arbitration award's findings and judgment in a proceeding between the parties to determine dischargeability of the debt. To hold otherwise

---

[4] Debtor argues that the "FINRA scheme of non-precedential remedies specifically permitted the re-litigation of the issues addressed" under the rule in the Restatement (Second) of Judgments § 84 (1982). Aplt. Opening Br. at 15. He fails to show that he made this argument to the district court. Accordingly, we decline to address it. *See, e.g.*, *PHL Variable Ins. Co. v. Sheldon Hathaway Fam. Ins. Tr. ex rel. Hathaway*, 819 F.3d 1283, 1288 (10th Cir. 2016) (declining to consider argument not made in district court, when proponent did not argue for plain error review).

9

would frustrate the plain meaning of the statute, § 523(a)(19)(B), which does not require a published, precedential decision but permits the use of "*any* judgment," or for that matter, "*any* settlement agreement entered into by the debtor," whether or not incorporated into a precedential decision.

In sum, under these circumstances, we find no basis for reversing the district court's order affirming the bankruptcy court's conclusion that the arbitration panel's award met the requirements of § 523(a)(19)(A).

### B.  Debt Memorialized in Judicial Order—§ 523(a)(19)(B)

As Behrends concedes, *see* Aplt. Opening Br. at 13, the order of the District Court for Denver County, Colorado confirming the arbitration award and entering judgment thereon qualifies as a judicial order memorializing the debt.  It therefore satisfies the requirements of § 523(a)(19)(B).

### CONCLUSION

We affirm the district court's order affirming the bankruptcy court's order granting summary judgment to plaintiffs.


Entered for the Court


Timothy M. Tymkovich
Chief Judge


10