**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRIST CENTER OF DIVINE
PHILOSOPHY, INC.,

     Plaintiff - Appellee,

v.

ELLEN VERONICA ELAM,

     Defendant - Appellant.

No. 18-6089
(D.C. No. 5:16-CV-00065-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Ellen Veronica Elam appeals a district court order denying her motion for

reconsideration under Fed. R. Civ. P. 59(e). The district court denied the motion

after (1) entering a default judgment against Elam, (2) refusing to vacate the

judgment under Fed. R. Civ. P. 60(b), and (3) modifying a previous order of

injunctive relief in favor of Christ Center of Divine Philosophy, Inc. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

I

The following background information is based on the complaint and its well-pleaded facts, which were confessed upon entry of default judgment. *See Tripodi v. Welch*, 810 F.3d 761, 763 n.1 (10th Cir. 2016). On January 28, 2016, Christ Center filed a complaint alleging that it owned by assignment 31 copyrighted books or sound recordings created by Audle Allison. According to Christ Center, Elam published and sold three books containing its copyrighted material, and it therefore sought an injunction prohibiting her from publishing the material and directing her to destroy any copies of it in her possession. Christ Center also sought damages, costs, and fees. Christ Center personally served its summons and complaint on August 25, 2016, but Elam didn't file an answer or otherwise respond. On October 3, 2016, Christ Center moved for entry of default, which the clerk granted on October 7. On November 22, 2016, Christ Center moved for default judgment.

On February 10, 2017, the district court granted the motion and entered default judgment against Elam. The court found that Christ Center owned the legal copyright to all 31 claimed works and that Elam willfully infringed on each of those copyrights. But because Christ Center sought statutory damages for only four particular works, the court limited its injunction to those four works, permanently enjoining Elam from infringing on them and directing her to deliver or destroy any material that was the same or substantially similar to them. The court awarded Christ

2

Center $20,000 in damages for each of the four violations, totaling $80,000 in statutory damages.

The next business day, February 13, 2017, Elam moved pro se to vacate the default judgment and dismiss the complaint. Citing Fed. R. Civ. P. 60(b), Elam alleged Christ Center perpetrated a fraud on the court, service was improper because her name was misspelled, the copyrights were illegal, and the case was barred by the statute of limitations. The district court denied the motion, ruling that Elam failed to establish either that her culpable conduct didn't cause the default or that she was not properly served. The court also found that she offered no evidence to substantiate her claims of fraud and other improprieties.

Meanwhile, Christ Center moved to modify the injunction to cover all 31 of its copyrighted materials. The district court denied the motion, finding no evidence to warrant expanding the injunction, although the court noted it would reconsider the request if Christ Center presented such evidence. On July 7, 2017, Christ Center renewed its motion, claiming Elam continued to infringe on its rights in all 31 of its copyrighted materials. According to Christ Center, Elam continued to publish copyrighted material on numerous websites, and internet searches performed after entry of the default judgment indicated that Elam had published and offered for sale three new books containing copyrighted material.

In her pro se response, Elam acknowledged publishing three additional books, but she asserted the books were published prior to the injunction. She asserted that third-parties were selling old inventory on the internet, and although she admitted to

using at least some copyrighted material, she suggested the information was in the public domain:

> These books were written in 2014 with great pain-staking effort to avoid direct quotes and replacing with personal memories, other peoples['] quotes, my personal notes, Audle's family quotes, and Audle's former student quotes. Some other materials may also have been used, such as taped lectures from 1972 which could not possibly by claimed by Christ Center, due to the time factors and the older copyright laws. Those are self-evident as public domain. I believe these three new books can withstand the court trial and come out free from any type of restraint by the Plaintiffs. (Even with their illegal copyrights.) Each book has a new title, a new ISBN number, and a new copyright number. Considering the changes, these books should not be considered a part of this court case, instead, I am ready to defend my rights in a new trial. I am looking forward to Justice.

Aplee. Supp. App. at 256-57.

Given Elam's arguments, the district court concluded that changed circumstances warranted a modified injunction. The court explained that it had previously directed Elam to destroy or deliver to Christ Center any materials that were the same or substantially similar to Christ Center's copyrighted works. But instead, the court observed that she published three additional books containing substantially similar content—not only as the four particular copyrighted works covered by the original injunction—but also the remainder of Christ Center's copyrighted materials. Thus, the court modified its injunction to enjoin Elam from infringing on all 31 of Christ Center's copyrighted materials. The court also ordered her to destroy or deliver to Christ Center any materials that were the same or substantially similar to these materials.

4

Elam, still pro se, moved the court to reconsider.  She claimed to have newly discovered evidence of fraud "so easy to prove, it only requires one to OPEN the eyes and see it." Aplt. App. at 87.  She asserted that Christ Center failed to give proper notice of their copyrights as required by law prior to 1989 and that the sale of certain protected audio recordings demonstrated they were in the public domain.  The district court rejected these arguments, reasoning that Elam was improperly seeking to relitigate the validity of the copyright registrations, despite the entry of default judgment, which confessed the merits of the case.  The court also explained that Elam failed to show her motion for reconsideration relied on new evidence that couldn't have been obtained through due diligence.  Thus, the court denied the motion for reconsideration.  Elam subsequently retained counsel and filed this appeal.

## II

We review the denial of a motion for reconsideration under Fed. R. Civ. P. 59(e) for an abuse of discretion.  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration under Rule 59(e) "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

We perceive at least two reasons why Elam can't show an abuse of discretion. First, she sought reconsideration based on new evidence of fraud, claiming certain cassette tapes containing copyrighted works were sold without proper notice that the content was copyrighted, as required by law prior to 1989. She apparently submitted photographs of the alleged cassette tapes, though she failed to include those photographs with her appendix on appeal. *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009) ("[W]e regularly decline to hear claims predicated upon record evidence not included in the appendix."). Presumably, these cassette tapes, or the photographs of them, sought to raise an inference that the copyrights were invalid because the recorded works were in the public domain.

In any event, even if the photographs were included in the record, Elam fails to assert that the photographed cassette tapes were newly discovered evidence or were previously unavailable through due diligence. "Where a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (brackets and internal quotation marks omitted). Elam freely admitted the cassette tapes and the copyrighted information on them were sold to the public and in her possession. *See, e.g.*, Aplt. App. at 92 (questioning how she obtained "a copy of this lecture if it was never sold" and asserting the lecture was "in [the] public domain . . . for more than 30 years"). Thus, Elam has failed to show

6

either that the evidence is newly discovered or that she diligently yet unsuccessfully attempted to discover the evidence.[1]

Nevertheless, Elam contends that the district court "treated her differently as a *pro se* litigant by accepting the factual assertions of Christ Center as true without an adversarial proceeding." Aplt. Br. at 9. Although she doesn't expressly say so, she seems to suggest the court should have excused her deficient showing under Rule 59(e) because she was pro se. Of course, her pro se pleadings filed in the district court were entitled to a solicitous construction, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), but pro se litigants must still comply with "the same rules of procedure that govern other litigants," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Thus, to the extent Elam suggests that the district court should have excused her deficient showing of newly discovered evidence, we disagree. The district court was not free to overlook a substantive requirement for obtaining Rule 59(e) relief to accommodate her pro se status.

But there is a second and more fundamental problem with Elam's argument. "After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts." *Tripodi*, 810 F.3d at 764. Elam contends she was entitled to an evidentiary hearing before the

---

[1] We also note that Elam's arguments concerning the material being in the public domain and failing to provide proper notice of its copyright protection effectively reiterated the same arguments she made in response to Christ Center's renewed motion to modify the injunction.

7

court modified its injunction, but she can't collaterally challenge the default judgment and the attendant evidentiary findings. *See id.* at 764-65. Elam stipulates that the default judgment precludes her from contesting her liability regarding the four particular copyrighted works covered by the original injunction. Nevertheless, she argues that the modified injunction covering all 31 copyrighted materials expanded the judgment in favor of Christ Center, despite factual disputes as to the validity of the other 27 copyrighted materials. Therefore, she maintains that she was entitled to an evidentiary hearing before the injunction was modified, and the district court abused its discretion in denying reconsideration because she wasn't in default when the court modified its injunction.

This argument is unavailing because the district court's original order of default found that Elam willfully violated all 31 copyrighted materials, and the court didn't alter that finding when it modified the injunction. The order of default stated:

> The Court accepts as true [Christ Center's] allegations that it owns the legal copyright to each of the [31] publications in question. [Christ Center] has provided copyright registrations of the subject material accompanied by copies of [Elam's] infringing works. The Court, thus, concludes that [Elam] is liable for these instances of copyright infringement. In making this determination, the Court also concludes that [Elam] infringed these copyrights willfully.

Aplt. App. at 72 (citation omitted). Elam points to nothing in the modified injunction that altered these findings. Accordingly, we conclude that the district court did not abuse its discretion in denying her motion for reconsideration.

8

## III

The judgment of the district court is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge