[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11578

_____

D.C. Docket Nos. 1:15-cv-02323-SCJ; 12-bkc-80136-CRM


In re: JON E. LUNSFORD, SR.,

Debtor.

_____

JON E. LUNSFORD, SR.,

Plaintiff - Appellant,

versus

PROCESS TECHNOLOGIES SERVICES, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 15, 2017)

Before WILIAM PRYOR and ROSENBAUM, Circuit Judges, and UNGARO,[*] District Judge.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether a bankruptcy court made a finding of fact that a debtor violated state securities laws. After a business venture went awry, Process Technologies obtained a judgment in state court against Jon Lunsford for violations of state securities laws. Lunsford then filed for bankruptcy. A debtor ordinarily may discharge debts in bankruptcy, 11 U.S.C. § 727, but not if the debt "is for the violation of . . . securities laws" and results from a court judgment, § 523(a)(19)(A)–(B). Process Technologies filed an adversary proceeding in which it complained that section 523(a)(19)(A) barred Lunsford from discharging the debt. Lunsford answered that his liability arose from a third party's violation of securities laws and that the bar under section 523(a)(19)(A) from a discharge applies only when the debtor violates securities laws. Lunsford also sought leave to amend his answer to assert that Process Technologies fraudulently obtained the judgment. Lunsford's arguments fail: the bankruptcy court made a finding of fact that Lunsford violated securities laws; alternatively, section 523(a)(19)(A) applies irrespective of debtor conduct; and Lunsford is

---

[*] Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida, sitting by designation.

2

estopped from arguing that the award was procured by fraud. We affirm the order that excepted the debt from discharge and denied leave to amend.

## I. BACKGROUND

In 2009, Process Technologies Services, LLC, met with MIPCO, LLC, and its president, Jon Lunsford, to discuss purchasing securities in MIPCO. MIPCO sent Process Technologies documents that stated that MIPCO maintained $1.2 million in tangible assets and $500,000 in intangible assets. Not knowing that title problems plagued the tangible assets and that MIPCO had not acquired the intangible assets, Process Technologies invested $300,000.

After discovering the asset problems, Process Technologies sued in a chancery court in Mississippi to rescind the sale. The chancery court ordered the parties to arbitrate the dispute. Lunsford filed for bankruptcy, but the bankruptcy court stayed the action pending the arbitration. The arbitrator ruled in favor of Process Technologies and awarded the company $606,892. The chancery court confirmed the award and entered a final judgment against Lunsford, MIPCO, and another individual as jointly and severally liable. Lunsford neither objected to the confirmation nor appealed to the Supreme Court of Mississippi.

The bankruptcy court then lifted the stay of its proceeding, and Process Technologies filed an adversary proceeding, complaining that Lunsford could not discharge the debt because the debt was "for the violation" of securities laws, 11

3

U.S.C. § 523(a)(19)(A). After Lunsford filed an answer, he sought leave to amend that answer to assert that Process Technologies fraudulently obtained the arbitrator's award. The bankruptcy court then directed Lunsford to pursue that argument in the chancery court. Lunsford filed a motion for relief from judgment in the chancery court, but the chancery court declined to set aside its judgment.

Lunsford's motion for relief from judgment having been resolved, the bankruptcy court ruled that section 523(a)(19)(A) prohibited Lunsford from discharging the debt. The bankruptcy court determined that the arbitrator "found that [Lunsford] violated the [Mississippi Securities] Act. More specifically, the Arbitrator found that [Lunsford] violated the Act by offering and selling an unregistered security. The Arbitrator also found that [Lunsford] violated the Act by making an offer that contained untrue statements." The bankruptcy court ruled that the arbitration award constituted a judgment "for a violation" of securities laws against Lunsford because "there is a determination outside the Bankruptcy Court that [Lunsford] violated securities laws" and because the state courts confirmed the arbitration award.

Lunsford appealed to the district court on the ground that section 523(a)(19)(A) bars discharge only when the debtor committed a securities violation, not when his liability arose from a third-party's violation. The district

4

court held that section 523(a)(19)(A) applies irrespective of debtor conduct and that Lunsford is not entitled to amend his complaint.

## II. STANDARD OF REVIEW

This court is the second appellate court to review decisions from the bankruptcy court. *In re Glados, Inc.*, 83 F.3d 1360, 1362 (11th Cir. 1996). We "assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used." *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). "Thus, we review the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*." *Id.*

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that Lunsford cannot discharge his debt because the bankruptcy court made a finding of fact that Lunsford violated securities laws and, in the alternative, section 523(a)(19)(A) applies irrespective of whether Lunsford violated securities laws. Second, we explain that Lunsford is not entitled to leave to amend his complaint.

### A. Lunsford Cannot Discharge the Debt.

Section 523(a)(19)(A) provides that a person cannot discharge a debt in bankruptcy if the debt "is for the violation of securities laws":

> (a) A [bankruptcy] discharge . . . does not discharge an individual
>     debtor from any debt—
>
> . . .

5

(19) *that*—

(A) *is for*—

(i) *the violation of* any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State *securities laws*, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; *and*

(B) results, before, on, or after the date on which the petition was filed, from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19) (emphases added).

Lunsford argues that the bankruptcy court and the arbitrator never found that he violated securities laws, only that he is liable for a third party's violation of securities laws. Relying on this premise, Lunsford argues that the bar under section 523(a)(19)(A) from a discharge applies only if he violated securities laws. We reject both arguments.

6

1.  The Bankruptcy Court Made a Finding of Fact That Lunsford Violated Securities Laws.

Lunsford concedes that section 523(a)(19)(A) prohibits discharge if the bankruptcy court found that Lunsford violated securities laws, but he argues that the bankruptcy court "adopted the arbitrator's award" and applied collateral estoppel only to determine that it was "possible" to conclude that Lunsford violated securities laws. He maintains that the bankruptcy court never made a specific finding of culpability. We agree that the district court "adopted" the findings of the arbitrator, but by adopting those findings, the bankruptcy court determined that Lunsford violated securities laws.

The bankruptcy court stated that it "should focus not on the underlying facts but on the nature of the judgment at issue" to avoid "the need to re-litigate the matter [of culpability] in bankruptcy court," but the bankruptcy court did not, as Lunsford contends, fail to make findings of fact. Instead, by precluding relitigation of facts, "the bankruptcy court utilized issue preclusion to reach *conclusions about facts* that the court would then consider as 'evidence of nondischargeability.'" *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987) (emphasis added). In adopting the arbitrator's award, the district court adopted the facts that the arbitrator found. The bankruptcy court could not have applied section 523(a)(19)(A) without first finding a violation because the section applies only if there exists a "violation" of securities laws that a "debt . . . is for."

7

Lunsford contends that the bankruptcy court could not have found that Lunsford violated securities laws because the arbitrator did not find as much, but the findings of the bankruptcy court rest on ample support from the arbitrator's award. On the first page of its award, the arbitrator stated that "the use of 'MIPCO' will include Mr. Lunsford . . . unless . . . referenced individually." Later, the arbitrator determined that section 75-71-401 of the Mississippi Code, part of the Mississippi Securities Act, "makes it unlawful for any person to offer or sell a security unless it is registered, an exempt transaction, or a federal security." The arbitrator found that "MIPCO" violated securities laws because "the securities were unregistered and MIPCO has not established that the . . . transactions were exempt from registration," and nobody disputes that the securities were not federal. The arbitrator did not limit these findings to MIPCO, so the bankruptcy court had sufficient reason to determine that the arbitrator made a specific finding that Lunsford violated securities laws. Because Lunsford agrees that section 523(a)(19)(A) prohibits discharge of debts where a debtor violated securities laws, Lunsford cannot discharge his debt.

2.  Alternatively, Section 523(a)(19)(A) Applies Irrespective of Debtor Conduct.

Even if the bankruptcy court had not made a finding that Lunsford violated securities laws, we would reject his argument that the Bankruptcy Code prohibits discharge of a debt that is for the violation of state securities laws only when the

8

debtor violated the securities laws, not when the debtor's liability arises from securities violations committed by a third party. The text of section 523(a)(19)(A) makes no such distinction; the statute applies irrespective of debtor conduct.

The text and structure of section 523(a)(19)(A) unambiguously prevent discharge of debts "for the violation" of securities laws irrespective of debtor conduct. The term "for" in section 523(a)(19)(A) denotes causation. The Supreme Court has interpreted the term "debt for" to mean "'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like." *Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) (citing *American Heritage Dictionary* 709 (3d ed. 1992); *Black's Law Dictionary* 644 (6th ed. 1990)). Although section 523(a)(19)(A) includes the slightly different phrase "debt that is for," this alteration only serves as a drafting tool to enable the division found in section 523(a)(19). Section 523(a)(19)(A) employs the phrase "debt that is for," and section 523(a)(19)(B) employs the phrase "debt that . . . results . . . from." But "debt for" is used in similar but undivided subparts of 523(a). § 523(a)(1)–(2), (4)–(6), (9), (12)–(13), (16)–(17). Congress did not materially alter the phrase "debt for" when it inserted a pronoun and a linking verb, so "debt that is for" retains the same meaning as "debt for" and refers to debt caused by a violation of securities laws. *See* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012).

9

Because Congress also did not restrict section 523(a)(19)(A) to subsets of causation, we should not construct such a limit. If Congress had wanted to limit section 523(a)(19)(A) based on debtor conduct, it could have done so as it did with other provisions in the statute. Even within section 523(a)(19), the text considers debtor conduct, but it considers debtor conduct in a provision not pertinent to this appeal. For a debt to be excepted from discharge, it must be "for" a violation of securities laws, § 523(a)(19)(A), but it must also "result[] . . . from" a court order or "any settlement agreement entered into *by the debtor*," § 523 (a)(19)(B)(i)–(ii) (emphasis added). Other subsections similarly limit application based on debtor conduct. Debts cannot be discharged if they are "for willful and malicious injury *by the debtor* to another entity," § 523(a)(6) (emphasis added), or "for death or personal injury *caused by the debtor's* operation of a motor vehicle," § 523(a)(9) (emphasis added). Nor can debts be discharged if they are "obtained by use of a statement in writing . . . that *the debtor caused* to be made or published," § 523(a)(2)(B)(iv) (emphasis added), or are "for a tax or a customs duty with respect to which the *debtor made* a fraudulent return," § 523(a)(1)(C) (emphasis added). Because Congress rendered discharge in some subsections dependent on debtor conduct but never did so for section 523(a)(19)(A), we infer that the limit does not extend to section 523(a)(19)(A). *See* Scalia & Garner, *supra*, at 107; *Russello v. United States*, 464 U.S. 16, 23 (1983). The whole text establishes that

10

section 523(a)(19)(A) precludes discharge regardless of whether the debtor violated securities laws as long as the securities violation caused the debt.

The Tenth Circuit arrived at a contrary conclusion, but even if we found its reasoning persuasive, its decision involved circumstances inapplicable here. After Oklahoma obtained judgments for unjust enrichment against investors in a Ponzi scheme, the Tenth Circuit held that the debtors could discharge their debts because "[t]he judgments at issue [we]re not 'for a violation' of securities laws but for unjust enrichment resulting from someone else's violation of those statutes." *Okla. Dep't of Sec., ex. rel. Faught v. Wilcox*, 691 F.3d 1171, 1173, 1175 (10th Cir. 2012). In contrast, Lunsford's debt does not arise from a judgment against him for unjust enrichment. Lunsford was a party to the same decision in which the state courts entered a judgment against MIPCO for a violation of securities laws.

The Ninth Circuit also arrived at a contrary decision, but it too is unpersuasive. In that decision, a client had pre-paid an attorney with funds derived from violations of securities laws. By the time the matter settled, the attorney had not billed enough work to justify all the pre-paid funds, but after a receiver ordered the attorney to disgorge those funds, the attorney filed for bankruptcy to shield the funds. *In re Sherman*, 658 F.3d 1009, 1010 (9th Cir. 2011), *abrogated on other grounds by Bullock v. BankChampaign*, *N.A.*, 133 S. Ct. 1754 (2013). The Ninth Circuit acknowledged that the plain language of section 523(a)(19)(A) did not limit

application based on debtor conduct, but determined that the text was ambiguous in the light of circuit precedent that had held that similar portions of section 523 required inquiry into debtor conduct. To further the supposed "purpose" of the Bankruptcy Code to allow a "fresh start" and to protect "the honest but unfortunate debtor," the Ninth Circuit limited section 523(a)(19)(A) to debts caused by the debtor. *In re Sherman*, 658 F.3d at 1013–15 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)). We depart from the Ninth Circuit because it grounded its decision on precedent that does not bind us and followed prescriptions of general statutory purpose over the text.

### B.  Lunsford Is Not Entitled to Leave to Amend His Complaint.

Lunsford argues that Process Technologies fraudulently obtained the arbitration award. He maintains that because "the bankruptcy court is not obligated to recognize a judgment procured by fraud and perjury," he should be granted leave to amend. We disagree.

Lunsford is not entitled to leave to amend his complaint because Mississippi law precludes him from relitigating the claim of fraud. We "give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered." *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 882 (11th Cir. 1989). In Mississippi, collateral estoppel precludes Lunsford "from relitigating a specific issue actually litigated, determined by, and essential to the

12

judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Dunaway v. W.H. Hopper & Assoc., Inc*., 422 So. 2d 749, 751 (Miss. 1982). Twice, state courts rebuffed Lunsford's claim of fraud. And because his argument, if successful, would have defeated the complaint against him, the decision of the state court as to the claim of fraud was essential to the judgment against Lunsford. Lunsford is not entitled to leave to amend his complaint to allege a futile claim barred by an earlier judgment. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

## IV. CONCLUSION

We **AFFIRM** the judgment against Lunsford.

ROSENBAUM, Circuit Judge, concurring:

Sometimes one reason is enough.  That's the case here.  As Judge Pryor ably demonstrates, Lunsford cannot discharge the debt of $606,892 under 11 U.S.C. § 523(a)(19)(A) because the bankruptcy court correctly determined that the arbitration award found that he violated securities laws.  This is not a close question; the answer is clear.  I would have stopped there.

The panel opinion, however, goes on to reach an alternative holding— concluding that "section 523(a)(19)(A) precludes discharge regardless of whether the debtor violated securities laws as long as the securities violation caused the debt."  Maj. Op. at 11.  That alternative holding may or may not prove to be correct, but by reaching it in this case, where we do not need to do so, we have needlessly created confusion about how that holding should be applied in cases where an innocent third party has a judgment against it that results from someone else's securities fraud.

The panel suggests that we might not apply § 523(a)(19)(A)'s discharge preclusion if the situation that arose in *Oklahoma Department of Securities, ex. rel. Faught v. Wilcox*, 691 F.3d 1171 (10th Cir. 2012), presented itself in our Circuit. *See* Maj. Op. at 11.  But this suggestion creates confusion as to how our alternative holding should be applied in cases involving innocent third parties.

14

In *Wilcox*, a Ponzi schemer defrauded investors of millions of dollars and pled guilty to various crimes related to her activities. *Wilcox*, 691 F.3d at 1173. The scheme also violated Oklahoma's securities laws. *Id.* Following the schemer's conviction, the Oklahoma Department of Securities sued more than 150 investors—including several who were entirely innocent—to recover the funds distributed in the Ponzi scheme. *Id.* The Oklahoma trial court granted summary judgment for the Department on grounds of unjust enrichment and ordered return of the investors' profits.[1] *Id.* Some of the investors filed for bankruptcy and sought to discharge the debt from the Department's judgment against them. *Id.* Because the bankruptcy and district courts concluded that these debts fell under § 523(a)(19)(A), they declined to discharge them. *Id.*

The Tenth Circuit reversed. Though it noted that the investors "were not charged with securities violations," *id.* at 1175 (citation and quotation marks omitted), the Tenth Circuit nonetheless observed that the valid state-court judgment against them "require[d] them to repay profits distributed to them *as a result of* [the schemer's] Ponzi scheme," *id.* at 1174 (emphasis added)—in other words, as a result of a third party's securities violations.

---

[1] Though the Oklahoma lower court ordered return of all profits without exception, the Oklahoma Supreme Court determined that innocent investors had to return profits only to the extent that they had received an unreasonable rate of return. *Wilcox*, 691 F.3d at 1173 n.3.

15

So under the Majority's reasoning, though the judgments that were the cause of the debts at issue in *Wilcox* were for unjust enrichment, they nonetheless also seem to be "debt as a result of," *see* Maj. Op. at 9 (citations and quotation marks omitted), a securities-fraud violation and therefore non-dischargeable under § 523(a)(19)(A). Yet the panel suggests that § 523(a)(19)(A)'s preclusion did not apply to the *Wilcox* investors' situation because "'[t]he judgments at issue [in *Wilcox*] [we]re not 'for a violation' of securities laws but for unjust enrichment resulting from someone else's violation of those statutes.'" *Id.* at 9 (quoting *Wilcox*, 691 F.3d at 1175). This internal inconsistency in the panel's reasoning will no doubt create confusion about how courts and litigants in this Circuit are to construe and apply our alternative holding.

Maybe the panel reaches this conclusion because the judgment against the *Wilcox* investors was not, in name, a judgment for securities violations, though this interpretation would seem to require us to construe the meaning of "judgment" in § 523(a)(19)(B)'s language:

> (b) A [bankruptcy] discharge . . . does not discharge an individual debtor from any debt—
> . . .
>> (19) that—
> . . .
>>> (B) results, before, on, or after the date on which the petition was filed, from—
>>>> (i) any *judgment*, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

16

> > (ii) any settlement agreement entered into by the debtor; or
> >
> > (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19)(B) (emphasis added). That issue, of course, is not before us. So we have not had the benefit of briefing on it. And if we reached out and grabbed the issue, anyway, our analysis on that question would be mere dicta, since Lunsford's case, in fact, does involve a decision against him for securities fraud and therefore does not require us to resolve the question of whether the judgment must, on its face, find securities violations.

Plus, if the panel's alternative holding is implicitly based on the conclusion that the judgment must actually be on a securities-violation cause of action (as opposed to unjust enrichment or other non-securities-violation causes of action), that would create significant potential for uneven application of § 523(a)(19)'s discharge preclusion—particularly when it comes to innocent third parties. Under those circumstances, whether an innocent debtor could discharge his debt would depend on the way in which the state or private party chose to prosecute its claim against the innocent debtor.

And if, contrary to its distinguishing of *Wilcox*, the panel intends for all judgments that ultimately result from securities violations—including judgments against entirely innocent investors—to be subject to § 523(a)(19)'s discharge

17

preclusion, that interpretation appears to be at odds with "a central purpose" of the Bankruptcy Code to provide "a completely unencumbered new beginning to the honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (citation and quotation marks omitted).

These matters raise some difficult questions, and we would, no doubt, benefit from advocacy on these issues by parties with an actual interest in them. We don't have that here. For these reasons, I concur in only our holding that the bankruptcy court correctly concluded that the arbitration award found that Lunsford violated securities laws, so § 523(a)(19)(A)'s preclusion applies to the debt at issue in this case. I would leave the issue addressed by the alternative holding to a case where it is better developed.